# EXHIBIT 5



PROVIDING EXEMPLARY LEGAL SERVICES SINCE 1888

FIRM RESUME

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm specializing in complex litigation in federal and state courts nationwide. The firm's practice includes litigation, both hourly and contingent, in securities, antitrust, wage & hour, consumer fraud, false marketing, ERISA, and general and commercial matters, whistleblower, false claim, trust & estate, corporate investigation, and white collar matters, and FINRA arbitration. The Firm has a particular specialty in complex class action and other representative litigation – including investor, shareholder, antitrust, ERISA, consumer, employee, and biotechnology matters – under both federal and state law.

Wolf Haldenstein's total practice approach distinguishes it from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-686-0114
www.whafh.com

| SYMPHONY TOWERS | 111 West Jackson |
|---|---|
| 750 B STREET, SUITE 1820 | SUITE 1700 |
| SAN DIEGO, CA 92101 | CHICAGO, IL 60604 |
| Telephone: 619-239-4599 | Telephone: 312-984-0000 |
| Telecopier: 619-234-4599 | Telecopier: 312-214-3110 |



## THE FIRM

Wolf Haldenstein has been recognized by state and federal courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, FLSA and state overtime and expense deductions, and antitrust class actions and shareholder rights litigation.

Among its colleagues in the plaintiffs' bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, and the exceptionally high quality of its written and oral advocacy.

The nature of the Firm's activities in both individual and representative litigation is extremely broad. In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn and rice farmers in connection with the devaluation of their crops; canned tuna consumers for tuna companies' violations of antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations is particularly extensive. The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Its pioneering efforts in difficult or unusual areas of securities or investor protection laws include: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.



JUDICIAL COMMENDATIONS

Wolf Haldenstein has repeatedly received favorable judicial recognition.  The following representative judicial comments over the past decade indicate the high regard in which the Firm is held:

- *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (Sup. Ct. N.Y. Co.) – On May 2, 2013, Justice O. Peter Sherwood praised the Firm in its role as chair of the committee of co-lead counsel as follows: "It is apparent to me, having presided over this case, that class counsel has performed in an excellent manner, and you have represented your clients quite well.  You should be complimented for that."   In awarding attorneys' fees, the Court stated that the fee was "intended to reward class counsel handsomely for the very good result achieved for the Class, assumption of the high risk of Plaintiffs prevailing and the efficiency of effort that resulted in the settlement of the case at an early stage without protracted motion practice."  May 17, 2013 slip. op. at 5 (citations omitted).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) – On April 9, 2013, Justice Richard B. Lowe III praised the Firm's efforts as follows: "[W]hen you have challenging cases, the one thing you like to ask for is that the legal representation on both sides rise to that level.  Because when you have lawyers who are professionals, who are confident, who are experienced, each of you know that each side has a job to do [. . . .]  I want to tell you that I am very satisfied with your performance and with your, quite frankly, tenacity on both sides.  And it took six years, but look at the history of the litigation. There were two appeals all of the way to the Court of Appeals [. . . .]  And then look at the results.  I mean, there are dissents in the Court of Appeals, so that shows you the complexity of the issues that were presented in this litigation [. . . .]  [I]t shows you effort that went into this and the professionalism that was exhibited [. . . .]  So let me just again express my appreciation to both sides."

- *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) – where the Firm was Lead Counsel, Judge Rosen, at the June 7, 2010 final approval hearing, praised the Firm for doing "an outstanding job of representing [its] clients," and further commented that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."



- *Klein, et al. v. Ryan Beck Holdings, Inc., et al.*, 06-cv-3460 (DAB) (S.D.N.Y. 2010) – where the Firm was Lead Counsel, Judge Deborah A. Batts described the Firm's successful establishment of a settlement fund as follows: "[a] miracle that there is a settlement fund at all."  Judge Batts continued: "As I said earlier, there is no question that the litigation is complex and of a large and, if you will, *pioneering magnitude ...*" (Emphasis added).

- *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

- *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional.  The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action.  I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention.   You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

- *In re Comdisco Sec. Litigation*, 01 C 2110 (N.D. Ill. July 14, 2005) – Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.  And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *Good Morning to You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx) (C.D. Cal., Aug. 16, 2016) – Judge George H. King



stated: "Not all, or perhaps even most, plaintiffs' class counsel could have litigated this case as successfully as did class counsel against such a fierce and exceptionally accomplished opponent."

- *Bokelman et al. v. FCH Enterprises, Inc.*, (Case No. 1:18-cv-209, D. Haw., May 3, 2019): Judge Robert J. Bryan said, "I've been impressed by the quality of the work you've done throughout here, and that is reflected, I think, in the fact that no one has objected to the settlement."

### RECENT NOTEWORTHY RESULTS

Wolf Haldenstein's performance in representative litigation has repeatedly resulted in favorable results for its clients. The Firm has helped recover **_billions of dollars_** on behalf of its clients in the cases listed below. Recent examples include the following:

- On May 13, 2019, in *Apple Inc. v. Pepper*, No. 17-204, the Supreme Court affirmed a decision by the Ninth Circuit Court of Appeals holding that iPhone purchasers have standing to sue Apple for monopolizing the market for iPhone apps in this longstanding antitrust class action. Wolf Haldenstein has been Lead Counsel for the plaintiffs since 2007. The case was commenced in federal district court in Oakland. The Supreme Court's decision clears the way for the plaintiffs to proceed on the merits of their claim.

- On June 11, 2018, the United States Supreme Court issued a highly anticipated decision in *China Agritech, Inc. v. Michael H. Resh, et al.* Wolf Haldenstein represented the plaintiffs/respondents, having commenced the action on behalf of aggrieved shareholders of *China Agritech* after two prior cases had failed at the class certification stage.

- *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) - Wolf Haldenstein represented U.S. rice farmers in this landmark action against Bayer A.G. and its global affiliates, achieving a global recovery of $750 million. The case arose from the contamination of the nation's long grain rice crop by Bayer's experimental and unapproved genetically modified Liberty Link rice.

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) - a class action brought on behalf of over 27,500 current and former tenants of New York City's iconic Stuyvesant Town and Peter Cooper Village housing complexes. On April 9, 2013, Justice Richard B. Lowe III of the New York Supreme Court finally



approved settlement of the action, which totals over $173 million, sets aside $68.75 million in damages, re-regulates the apartments at issue, and sets preferential rents for the units that will save tenants significant monies in the future. The settlement also enables the tenants to retain an estimated $105 million in rent savings they enjoyed between 2009 and 2012. **The settlement is by many magnitudes the largest tenant settlement in United States history.**

- *In re Empire State Realty Trust, Inc. Investor Litig.*, Index No. 650607/2012 – The firm served as Chair of the Executive Committee of Co-Lead Counsel for the Plaintiffs in a class action settlement finally approved on May 2, 2013 that provides for the establishment of a $55 million settlement fund for investors, in addition to substantial tax deferral benefits estimated to be in excess of $100 million.

- *American International Group Consolidated Derivative Litigation*, Civil Action No. 769-VCS (Del. Ch.) The Firm acted as co-lead counsel and the settlement addressed claims alleging that the D&O Defendants breached their fiduciary duties to the Company and otherwise committed wrongdoing to the detriment of AIG in connection with various allegedly fraudulent schemes during the 1999-2005 time period.

- *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (S.D.N.Y.) (firm was co-lead counsel in parallel derivative action pending in Delaware (*In Re Bank of America Stockholder Derivative Litigation*, C.A. No. 4307-CS (Del. Ch.)) (increase of settlement cash recovery from $20 million to $62.5 million).

- *The Investment Committee of the Manhattan and Bronx Service Transit Operating Authority Pension Plan v. JPMorgan Chase Bank*, N.A., 1:09-cv-04408-SAS (S.D.N.Y.) (class recovered $150 million).

- *In re Tremont Sec. Law, State Law and Insurance Litig.*, No. 08-civ-11117 (TPG) (SDNY) (class recovered $100 million). The firm was court-appointed co-lead counsel in the Insurance Action, 08 Civ. 557, and represented a class of persons who purchased or otherwise acquired Variable Universal Life ("VUL") insurance policies or Deferred Variable Annuity ("DVA") policies issued by Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 - December 11, 2008 to the extent the investment



accounts of those policies were exposed to the massive Ponzi scheme orchestrated by Bernard L. Madoff through one or more Rye funds.

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.) (class recovered $586 million). Wolf Haldenstein served as Co-Lead Counsel of one of the largest securities fraud cases in history. Despite the United States Court of Appeals for the Second Circuit's decision to vacate the district court's class certification decision, on remand, counsel for plaintiffs were able to press on to a settlement on April 1, 2009, ultimately recovering in excess of a half-billion dollars.



## FIRM PRACTICE AREAS

### CLASS ACTION LITIGATION

Wolf Haldenstein is a leader in class and derivative action litigation and is currently or has been the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action and derivative action lawsuits in the United States.  For example, the class action *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) was recently described by a sitting member of the U.S. House of Representatives as the greatest legal victory for tenants in her lifetime.  In *Roberts*, the Firm obtained a victory in the New York Court of Appeals requiring the reregulation of thousands of apartment units in the Stuyvesant Town complex in Manhattan, New York.  Many of the firm's other successful results are summarized within.

### PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers in private actions.  The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management.

The Firm has also acted as special counsel to investors' committees in efforts to assert and advance the investors' interests without resorting to litigation.  For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

### ANTITRUST LITIGATION

Wolf Haldenstein is a leader in antitrust and competition litigation.  The Firm actively seeks to enforce the federal and state antitrust laws to protect and strengthen the rights and claims of businesses, organizations, Taft-Hartley funds, and consumers throughout the United States.  To that end, Wolf Haldenstein commences large, often complex, antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world.  Many of these interests exert strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance that unfair and



anticompetitive conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed, unlawful behavior such as price fixing, monopolization, market allocation, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and aggressively advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws. For example, in *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) the firm successfully prosecuted an antitrust case resulting in a $315 million recovery. Many of the firm's successful results are summarized within.

Wolf Haldenstein attorneys currently serve as lead counsel, co-lead counsel, or as executive committee members in some of the largest and most significant antitrust class action lawsuits. The firm was most recently appointed lead counsel in the Salmon Antitrust Indirect Litigation pending in the U.S. District Court for the Southern District of Florida.

### OVERTIME AND COMPENSATION CLASS ACTIONS

Wolf Haldenstein is a leader class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims under the federal Fair Labor Standards Act and state labor laws allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein has served as lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, and has recovered hundreds of millions of dollars in recovered wages for its clients. For example, in *LaVoice v. Citigroup Global Markets, Inc.*, Case No. C 07-801 (CW) (N.D. Cal.)) a $108 million settlement was secured for the class. Many of the firm's other successful wage and hour results are summarized within.

### SUBSTANTIAL RECOVERIES IN CLASS ACTION AND DERIVATIVE CASES IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (S.D.N.Y.) (**$219 million** settlement in this and related action).

- *Roberts v. Tishman Speyer*, No. 100956/2007 (Sup. Ct. N.Y. Cty.) (**$173 Million** settlement).



- *In re Mutual Fund Investment Litigation*, MDL No. 1586 (D. Md.) (derivative counsel in consolidated cases against numerous mutual fund companies involved in market timing resulting in class/derivative settlements totaling more than **$300 million**).

- *Inland Western Securities Litigation*, Case No. 07 C 6174 (N.D. Ill.) (settlement value of shares valued between **$61.5 million** and **$90 million**).

- *In re Direxion Shares ETF Trust*, No. 09-Civ-8011 (KBF) (S.D.N.Y.) (class recovered **$8 million**).

- *In re BankAmerica Corp. Securities Litigation*, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered **$490 million**).

- *In re Dynamic Random Access Memory Antitrust Litigation*, (MD-02 1486 (N.D. Cal.) (class recovered **$325 million**).

- *In re MicroStrategy, Inc. Securities Litigation*, Civ. No. 00-473-A (E.D. Va.) (class recovered **$160 million** in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered **$116.5 million** in cash).

- *In re Starlink Corn Products Liability Litigation*, (N.D. Ill.) (class recovered **$110 million**).

- *In Computer Associates 2002 Class Action Sec. Litigation*, 2:02-CV-1226 (E.D.N.Y.) (**$130 million** settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation*, Civ. No. 02-12338 (MEL) (D. Mass.) (classes recovered **$52.5 million**).

- *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass) (class recovered **$50 million**).

- *In re Iridium Securities Litigation*, C.A. No. 99-1002 (D.D.C.) (class recovered **$43 million**).



- *In re J.P. Morgan Chase Securities Litigation,* MDL No. 1783 (N.D. Ill.) (settlement providing for adoption of corporate governance principles relating to potential corporate transactions requiring shareholder approval).

- *LaVoice v. Citigroup Global Markets, Inc.,* Case No. C 07-801 (CW) (N.D. Cal.)) (**$108 million** settlement).

- *Steinberg v. Morgan Stanley & Co., Inc.,* Case No. 06-cv-2628 (BEN) (S.D. Cal.) (**$50 million** settlement).

- *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. CV-06-1657 (D. Or.) (**$43.5 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation,* MDL No. 07-1807 DOC (C.D. Cal.) (**$39 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation (Prudential),* MDL No. 07-1807 DOC (C.D. Cal.) (**$11 million** settlement).

- *Basile v. A.G. Edwards, Inc.,* 08-CV-00338-JAH-RBB (S.D. Cal.) (**$12 million** settlement).

- *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) (co-lead, **$1.65 million** settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately).

- *Neil Weinstein, et al. v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D.Cal) (co-lead, **$7.4 million** settlement).

- *Creighton v. Oppenheimer,* Index No. 1:06 - cv - 04607 - BSJ - DCF (S.D.N.Y.) (**$2.3 million** settlement).

- *Klein v. Ryan Beck,* 06-CV-3460 (DAB)(S.D.N.Y.) (**$1.3 million** settlement).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.) (**$14.3 million** settlement).

- *Egleston v. Collins and Aikman Corp.,* 06-cv-13555 (E.D. Mich.) (class recovered **$12 million**).



- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation,* 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation,* 02 CV 10221 (JFK) (SDNY) (class recovered **$39 million** in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* No. 6:04-cv-1231 (Orl-31) (class recovered **$35 million**, and lawsuit also instrumental in **$225 million** benefit to corporation).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation,* Master File No. 06-CV-4130-DGT-AKT (**$34.4 million** recovery).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation,* Master File No. 06cv4622 (S.D.N.Y.) (**$32 million** recovery and corporate governance reforms).

- *Berger v. Compaq Computer Corp.,* Docket No. 98-1148 (S.D. Tex.) (class recovered **$29 million**).

- *In re Arakis Energy Corporation Securities Litigation,* 95 CV 3431 (E.D.N.Y.) (class recovered **$24 million**).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation,* Civ. No. 01-258 (D. Minn.) (class recovered **$20 million**).

- *In re Globalstar Securities Litigation,* Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered **$20 million**).

- *In re Luxottica Group S.p.A. Securities Litigation,* No. CV 01-3285 (E.D.N.Y) (class recovered **$18.25 million**).

- *In re Musicmaker.com Securities Litigation,* CV-00-2018 (C.D. Cal.) (class recovered **$13.75 million**).

- *In re Comdisco Securities Litigation,* No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered **$13.75 million**).

- *In re Acclaim Entertainment, Inc., Securities Litigation,* C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered **$13.65 million**).



- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered **$13.25 million**).

- *In re Bausch & Lomb, Inc. Securities Litigation*, 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered **$12.5 million**).

- *In re Allaire Corp. Securities Litigation*, 00-11972 (D. Mass.) (class recovered **$12 million**).

- *Bamboo Partners LLC v. Robert Mondavi Corp.*, No. 26-27170 (Cal. Sup. Ct.) (class recovered **$10.8 million**).

- *Curative Health Services Securities Litigation*, 99-2074 (E.D.N.Y.) (class recovered **$10.5 million**).

- *City Partnership Co. v. Jones Intercable*, 99 WM-1051 (D. Colo.) (class recovered **$10.5 million**).

- *In re Aquila, Inc.*, (ERISA Litigation), 04-865 (W.D. Mo.) (**$10.5 million** recovery for the class).

- *In re Tenfold Corporation Securities Litigation*, 2:00-CV-652 (D. Utah) (class recovered **$5.9 million**).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered **$50 million**).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered **$55 million**).

- *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.) (class recovered **$126 million**).

- *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 1:94-cv-00897, M.D.L. 997 (N.D. Ill.) (class recovered **$715 million**).

- *Landon v. Freel*, M.D.L. No. 592 (S.D. Tex.) (class recovered **$12 million**).

- *Holloway v. Peat, Marwick, Mitchell & Co.*, No. 84 C 814 EU (N.D. Okla.) (class recovered **$38 million**).



- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered **$100 million**).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered **$12.25 million**).

- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered **$11.5 million**).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered **$13 million**).

- *In re Paine Webber Limited Partnerships Litigation,* 94 Civ 8547 (S.D.N.Y.) (class recovered **$200 million**).

- *In re Bristol-Meyers Squibb Co. Securities Litigation,* 92 Civ 4007 (S.D.N.Y.) (class recovered **$19 million**).

- *In re Spectrum Information Technologies Securities Litigation,* CV 93-2245 (E.D.N.Y.) (class recovered **$13 million**).

- *In re Chase Manhattan Securities Litigation,* 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Prostic v. Xerox Corp.,* No. B-90-113 (EBB) (D. Conn.) (class recovered **$9 million**).

- *Steiner v. Hercules,* Civil Action No. 90-442-RRM (D. Del.) (class recovered **$18 million**).

- *In re Ambase Securities Litigation,* 90 Civ 2011 (S.D.N.Y.) (class recovered **$14.6 million**).

- *In re Southmark Securities Litigation,* CA No. 3-89-1402-D (N.D. Tex.) (class recovered **$70 million**).

- *Steiner v. Ideal Basic Industries, Inc.,* No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered **$18 million**).

- *Tucson Electric Power Derivative Litigation,* 2:89 Civ. 01274 TUC. ACM (corporation recovered **$30 million**).



- *Alleco Stockholders Litigation,* (Md. Cir. Ct. Pr. Georges County) (class recovered **$16 million**).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered **$30 million**).

- *In re Taft Broadcasting Company Shareholders Litigation,* No. 8897 (Del. Ch.) (class recovered **$20 million**).

- *In re Southland Corp. Securities Litigation,* No. 87-8834-K (N.D.Tex.) (class recovered **$20 million**).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered **$30 million**).

- *In re Warner Communications Securities Litigation,* No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Joseph v. Shell Oil,* CA No. 7450 (Del. Ch.) (securities fraud) (class recovered **$200 million**).

- *In re Flight Transportation Corp. Securities Litigation,* Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (recovery of over **$50 million**).

- *In re Whittaker Corporation Securities Litigation,* CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered **$18 million**).

- *Naevus International, Inc. v. AT&T Corp.,* C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered **$40 million**).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered **$45.2 million**).

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation,* 2:08-cv-285 (D.N.J.) (class recovered **$41.5 million**).

- *Egleston v. Verizon*, No. 104784/2011 (N.Y. Sup. Ct.) – Wolf Haldenstein represented a class of New York Verizon Centrex customers in an action against Verizon stemming from overbilling of certain charges. The Firm secured a settlement with a total value to the Class of over **$5 million**, which



provided, among other things, each class member with full refunds of certain disputed charges, plus interest.

- *Zelouf Int'l Corp. v. Nahal Zelouf,* Index No. 653652/2014 (Sup. Ct. N.Y. Co. 2015). In an important trial decision following an appraisal proceeding triggered by the freeze-out merger of a closely-held corporation, which also included shareholder derivative claims, Justice Kornreich of the New York Supreme Court refused to apply a discount for lack of marketability to the minority interest in the former corporation and found that the insiders stole more than $14 million dollars; the minority shareholder recovered over **$9 million**.

- *Zelouf Int'l Corp. v. Zelouf*, 45 Misc.3d 1205(A) (Sup. Ct. N.Y. Co., 2014). The Court rejected application of a discount for lack of marketability and awarded a **$10,031,438.28** judgment following an eleven day bench trial in the Commercial Division of the Supreme Court of the State of New York (New York County) on the value of a minority interest in a closely held corporation.

- *Thompson et al. v. Bethpage Federal Credit Union et al.*, No. 2:17-cv-00921-GRB (E.D.N.Y.) (**$3.6 million** settlement)



REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

FEDERAL APPELLATE AND DISTRICT COURT OPINIONS

- *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)

- *Hymes v. Bank of America*, 408 F. Supp. 3d 171 (E.D.N.Y. 2019)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308 (S.D. Cal. 2019)

- *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033 (S.D. Cal. 2017)

- *DeFrees v. Kirkland*, 2012 U.S. Dist. LEXIS 52780 (C.D. Cal. Apr. 11, 2012).

- *In re Beacon Associates Litig.*, 282 F.R.D. 315 (S.D.N.Y. 2012).

- *Messner v. Northshore University HealthSystem*, 669 F.3d 802, No. 10-2514 (7th Cir. Jan. 13, 2012).

- *In re Text Message Antitrust Litigation*, 630 F.3d, 622 (7th Cir. 2010).

- *In re Apple & ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010).

- *In re Beacon Associates Litig.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010)

- *Freeland v. Iridium World Communications Ltd.*, 545 F. Supp. 2d 59 (D.D.C. 2008).

- *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288 (N.D. Cal. 2008).

- *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

- *In re JP Morgan Chase & Co. Securities Litigation,* No. 06 C 4674, 2007 U.S. Dist. LEXIS 93877 (N.D. Ill. Dec. 18, 2007).

- *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).



- *Jeffries v. Pension Trust Fund,* 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).

- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

- *In re Aquila ERISA Litig.,* 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 355 F. Supp. 2d 1337 (N.D. Ga. 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002, 2004 U.S. Dist. LEXIS 33018 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Pharmatrak, Inc. Privacy Litig.,* 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).



- *In re Initial Public Offering Securities Litigation,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *City Partnership Co. v. Cable TV Fund 14-B,* 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation,* 212 F.Supp.2d 828 (N.D. Ill. 2002).

- *In re Bankamerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001).

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry,* 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.,* 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).



- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.,* 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.,* Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation,* 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation,* 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation,* CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D. Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.,* 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation,* 82 F. Supp. 2d 227 (S.D.N.Y. 2000).



- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation,* 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation,* 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation,* File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.,* 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation,* No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.,* 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.,* 186 F.R.D. 331 (M.D.N.C. 1999).

- *Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

- *Walsingham v. Biocontrol Technology, Inc.,* 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.,* 26 F. Supp. 2d 1358 (N.D. Ga. 1998).



- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation,* 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation,* 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation,* 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation),* No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties,* 116 F.3d 1441 (11th Cir. 1997).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP,* 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies,* 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.,* Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).



- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation*, 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation*, 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.*, 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.*, 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.*, 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation*, Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

- *Zitin v. Turley*, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).



- *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993).

- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).

## NOTABLE STATE COURT OPINIONS

- *William Hughes, Jr. v. Xiaoming Hu, et al.* [*In re Kandi Technologies Group*], C.A. No. 2019-0112-JTL (Del. Ch. April 27, 2020).

- *Eshaghian v. Roshanzamir*, 179 A.D.3d 596 (N.Y. App. Div. 1st Dep't 2020).

- *Cohen v. Saks, Inc.*, 169 A.D.3d 515 (N.Y. App. Div. 1st Dep't 2019).

- *Bartis v. Harbor Tech, LLC*, 147 A.D.3d 52 (N.Y. App. Div. 2d Dep't 2016).

- *Zelouf Int'l Corp. v. Zelouf*, 47 Misc. 3d 346 (N.Y. Sup. Ct. 2014).

- *McWilliams v. City of Long Beach*, 56 Cal. 4th 613 (2013).

- *Roberts v. Tishman Speyer*, 89 A.D.3d 444 (N.Y. App. Div. 1st Dep't 2011).

- *Ardon v. City of Los Angeles*, 52 Cal. 4th 241 (2011).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009).

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation,* 919 A.2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.,* 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *In re Western National Corp. Shareholders Litigation,* Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).



- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company,* 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd,* 351 N.C. 349, 524 S.E.2d 804 (N.C. 2000).

- *Wallace v. Wood,* 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson,* C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette,* Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *Seinfeld v. Robinson,* 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation,* Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Paramount Communications, Inc. v. QVC Network, Inc.,* 637 A.2d 34 (Del. Super. Ct. 1994).



ATTORNEY BIOGRAPHIES

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

PARTNERS

**MARK C. RIFKIN:** *admitted:* New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education:* Princeton University (A.B. 1982); Villanova University School of Law (J.D. 1985). Contributor, Packel & Poulin, *Pennsylvania Evidence* (1987).

A highly experienced securities class action and shareholder rights litigator, Mr. Rifkin has recovered hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Since 1990, Mr. Rifkin has served as lead counsel, co-lead counsel, or trial counsel in many class and derivative actions in securities, intellectual property, antitrust, insurance, consumer and mass tort litigation throughout the country.

Unique among his peers in the class action practice, Mr. Rifkin has extensive trial experience. Over the past thirty years, Mr. Rifkin has tried many complex commercial actions in federal and state courts across the country in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D. Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D. Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients, including *Zelouf Int'l Corp. v. Zelouf*, Index No. 653652/2013 (N.Y. Sup. Ct. 2015), in which he obtained a $10 million judgment for his client.

Mr. Rifkin also has extensive appellate experience. Over thirty years, Mr. Rifkin has argued dozens of appeals on behalf of appellants and appellees in several federal appellate courts, and in the highest appellate courts in New York, Pennsylvania, New Jersey, and Delaware.



Mr. Rifkin has earned the AV®-Preeminent rating by Martindale-Hubbell® for more than 20 years, and has been selected for inclusion in the New York Metro SuperLawyers® listing since 2010. In 2014, Mr. Rifkin was named a "Titan of the Plaintiff's Bar" by Law360®.

In 2015, Mr. Rifkin received worldwide acclaim for his role as lead counsel for the class in *Good Morning To You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx), in federal court in Los Angeles, successfully challenging the copyright to "Happy Birthday to You," the world's most famous song. In recognition of his historic victory, Mr. Rifkin was named a Trailblazer in Intellectual Property by the National Law Journal in 2016. In 2018, Mr. Rifkin led a team of lawyers from Wolf Haldenstein who represented the plaintiffs in *We Shall Overcome Foundation, et al. v. The Richmond Organization, Inc., et al.*, No. 16-cv-02725-DLC (S.D.N.Y.), which successfully challenged the copyright to "We Shall Overcome," called the "most powerful song of the 20th century" by the Librarian of Congress.

Mr. Rifkin lectures frequently to business and professional organizations on a variety of securities, shareholder, intellectual property, and corporate governance matters. Mr. Rifkin is a guest lecturer to graduate and undergraduate economics and finance students on corporate governance and financial disclosure topics. He also serves as a moot court judge for the A.B.A. and New York University Law School. Mr. Rifkin appears frequently in print and broadcast media on diverse law-related topics in corporate, securities, intellectual property, antitrust, regulatory, and enforcement matters.

**BETSY C. MANIFOLD**: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

Ms. Manifold served as co-lead counsel in the following cases to recovery on behalf of employees: *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) ($1.65 million settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately) and *Neil Weinstein, et al.*



*v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D. Cal) ($7.4 million settlement). Ms. Manifold also served as co-lead counsel in the following derivative actions: *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592-JF (N.D. Cal.) ($9.65 million payment to Atmel) and *In re Silicon Storage Technology Inc. Derivative Litig.*, Case No. C 06-04310 JF (N.D. Cal.) (cash payment and re-pricing of options with a total value of $5.45 million). Ms. Manifold also worked as lead counsel on the following class action: *Lewis v. American Spectrum Realty*, Case No. 01 CC 00394, Cal. Sup. Ct (Orange County) ($6.5 million settlement).

**BENJAMIN Y. KAUFMAN**: *admitted*: New York, United States Supreme Court, United States Court of Appeals for the Fourth Circuit, Southern, Northern and Eastern Districts of New York, District of New Jersey; and District of Colorado. *Education*: Yeshiva University, B.A.; Benjamin N. Cardozo School of Law, Yeshiva University, J.D; New York University, Stern School of Business, M.B.A. Mr. Kaufman focuses on class actions on behalf of defrauded shareholders, investors, and consumers. Mr. Kaufman has extensive experience in complex class actions representing clients including institutional investors such as public and labor pension funds, labor health and welfare benefit funds, as well as private individuals and funds who suffered losses due to corporate fraud. Mr. Kaufman also has extensive experience litigating complex commercial cases in state and federal court.

Mr. Kaufman's successful securities litigations include *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.), a complex international securities litigation requiring evidentiary discovery in both the United States and Europe, which settled for $120 million. Mr. Kaufman was also part of the team that recovered $46 million for investors in *In re Asia Pulp & Paper Securities Litigation*, No. 01-7351 (S.D.N.Y.); and $43.1 million in *Freeland v. Iridium World Communications, Ltd.*, No. 99-1002 (D.D.C.).

Mr. Kaufman's outstanding representative results in derivative and transactional litigations include: *In re Trump Hotels Shareholder Derivative Litigation*, No. 96-cv-7820 (S.D.N.Y.) (in settlement Trump personally contributed some of his holdings and the company adopted corporate reforms); *Southwest Airlines Derivative Litigation (Carbon County Employee Retirement System v. Kelly)* (Dist. Ct. Dallas Cnty., Tex.) (derivative matter that resulted in significant reforms to the air carrier's corporate governance and safety and maintenance practices and procedures for the benefit of the company and its shareholders); *Lynn v. Tennessee Commerce Bancorp, Inc., et al.*, No. 3:12-cv-01137 (M.D. Tenn.) ($2.6 million settlement); *In re ClubCorp Holdings Shareholder Litigation*, No. A-17-758912-B (D. Nev.) ($5 million settlement and corporate therapeutics). Mr. Kaufman



also argued the appeal in *In re Comverse Technology, Inc. Derivative Litig.*, 56 A.D.3d 49 (1st Dep't 2008) which led to the seminal New York Appellate Division opinion clarifying the standards of demand futility in New York and *In re Topps Company, Inc. Shareholders Litigation* which resulted in a 2007 decision vindicating the rights of shareholders to pursue claims in the most relevant forum notwithstanding the state of incorporation.  Mr. Kaufman has also lectured and taught in the subjects of corporate governance as well as transactional and derivative litigation.

In addition, Mr. Kaufman has represented many corporate clients in complex commercial matters, including complex copyright royalty class actions against music companies. *Puckett v. Sony Music Entertainment*, No. 108802/98 (Sup. Ct. N.Y. Cnty. ); *Shropshire v. Sony Music Entertainment*, No. 06-3252 (S.D.N.Y.), and *The Youngbloods v. BMG Music*, No. 07-2394 (S.D.N.Y.). In *Mich II Holdings LLC v. Schron*, No. 600736/10 (Sup. Ct. N.Y. Cnty.), Mr. Kaufman represented certain prominent real estate investors and successfully moved to dismiss all claims against those defendants.  Mr. Kaufman has also represented clients in arbitrations and litigations involving oppressed minority shareholders in closely held corporations.

Currently, Mr. Kaufman represents clients in a wide array of matters, including shareholders of a large cooperative complex alleging breach of fiduciary duty by the board of directors and property manager; purchasers of New York City taxi medallions in a class action pending in New York Supreme Court, Queens County; a New York art gallery in an action against several European insurers over insurance coverage for paintings seized while on exhibit; and shareholders of Saks, Inc. alleging that the board of directors and its investment advisor sold the company for inadequate consideration. *Cohen v. Saks*, 169 A.D.3d 51 (1st Dep't 2019).

Prior to joining Wolf Haldenstein, and prior to joining Milberg LLP in 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

Mr. Kaufman is an active member of the Commercial and Federal Litigation Section of the New York State Bar Association, the International Association of Jewish Lawyers and Jurists and the Jewish Lawyers Guild in which he serves as a Vice President. Mr. Kaufman was the Dinner Chair at the Jewish Lawyers Guild Annual Dinner in 2017, 2018, and 2019. Mr. Kaufman is a member of the Board of Trustees of Congregation



Beth Sholom in Lawrence, NY and was a member of the Board of Trustees of the Hebrew Academy of the Five Towns and Rockaways from 2015-2019.

Mr. Kaufman has been recognized by SuperLawyers® each year since 2012.

THOMAS H. BURT: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Michigan.  *Education*: American University (B.A. 1993); New York University (J.D. 1997).  Articles Editor with New York University Review of Law and Social Change.  Mr. Burt is a litigator with a practice concentrated in securities class actions and complex commercial litigation. After practicing criminal defense with noted defense lawyer Jack T. Litman for three years, he joined Wolf Haldenstein, where he has worked on such notable cases as *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y.) (a novel and sweeping amalgamation of over 300 class actions  which resulted in a recovery of $586 million); *In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.) (recovery of $192 million); *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) (antitrust case resulting in $315 million recovery); *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-cv-1226 (TCP) (E.D.N.Y.)(settled, together with a related fraud case, for over $133 million); *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) (recovery included personal assets from former Reagan Administration budget director David A. Stockman); and *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.)(recovery of $43.1 million).  Mr. Burt has spoken on several occasions to investor and activist groups regarding the intersection of litigation and corporate social responsibility.  Mr. Burt writes and speaks on both securities and antitrust litigation topics.  He has served as a board member and officer of the St. Andrew's Society of the State of New York, New York's oldest charity.

RACHELE R. BYRD: *admitted:* California; U.S. District Courts for the Southern, Northern, Central and Eastern Districts of California; U.S. Court of Appeals for the Ninth Circuit; U.S. Supreme Court. *Education:*  Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997).  Member: State Bar of California.  Ms. Byrd is located in the firm's San Diego office and practices corporate derivative and class action litigation including securities, consumer, antitrust, employment and general corporate and business litigation.  Ms. Byrd has played a significant role in litigating numerous class and derivative actions, including *Engquist v. City of Los Angeles*, No. BC591331 (Los Angeles Super. Ct.) (gas tax refund action that recently settled for $32.5 million and injunctive relief, valued at a minimum of $24.5 million over 3 years and $81.8 million over 10 years, following certification of the class



and on the eve of a hearing on the parties' cross-motions for summary judgment); *Ardon v. City of Los Angeles,* 52 Cal.4th 241 (2011) (telephone tax refund action against the City of Los Angeles that settled for $92.5 million); *McWilliams v. City of Long Beach*, Cal. Supreme Ct. No. S202037, 2013 Cal. LEXIS 3510 (April 25, 2013) (telephone tax refund action that settled for $16.6 million); *Granados v. County of Los Angeles*, BC361470 (Los Angeles Super. Ct.) (telephone tax refund action that settled for $16.9 million following class certification); *In re: Zoom Video Communications, Inc. Privacy Litigation,* No. 5:20-cv-0291 (N.D. Cal.) (member of Plaintiffs' Steering Committee); *In re Robinhood Outage Litigation*, No. 20-cv-01626-JD (N.D. Cal.) (member of Plaintiffs' Executive Committee); *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) (antitrust class action on behalf of consumers against Apple over its monopolization of the iOS applications aftermarket and that secured a favorable opinion in the U.S. Supreme Court: *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)); *Defrees v. Kirkland, et al.*, 11-04272 (JLS) (C.D. Cal.) ($12.2 million settlement reached in derivative action on the eve of trial); *Bokelman et al. v. FCH Enterprises, Inc.*, No. 18-00209-RJB-RLP (D. Haw.) (settled data breach class action); *Christofferson v. Creation Entertainment, Inc.*, No. 19STCV11000 (Los Angeles Super. Ct.) (settled data breach class action); *In re: Hanna Andersson and salesforce.com Data Breach Litig.*, No. 3:20-cv-00812-EMC (N.D. Cal.) (recently settled data breach class action); *Gaston v. FabFitFun, Inc.*, No. 2:20-cv-09534-RGK-E (C.D. Cal.) (recently settled data breach class action); *Rossi v. Claire's Stores*, No. 1:20-cv-05090 (N.D. Ill) (recently settled data breach class action); and *Riggs v. Kroto, Inc., D/B/A/ iCanvas*, No. 1:20-cv-5822 (N.D. Ill.) (recently settled data breach class action).

**MATTHEW M. GUINEY**: *admitted:* New York State; United States Supreme Court; United States Courts of Appeals for the Second, Third and Ninth Circuits; U.S. District Courts for the Southern and Eastern District of New York and numerous others. *Education:* The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002). Mr. Guiney's primary areas of practice are securities class actions under the Securities Act of 1933 and the Exchange Act of 1934, complex commercial litigation, Employee Retirement Income Security Act (ERISA) actions on behalf of plan participants, Fair Labor Standards Act of 1938 actions concerning overtime payment, and fiduciary duty actions under various state laws. Mr. Guiney has helped recover hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Mr. Guiney was on the merits briefs at the United States Supreme Court on behalf of the plaintiffs/respondents in *Apple Inc. v. Pepper*, No. 17-204, 587 U.S. ___ (2019) where the Court affirmed plaintiffs' antitrust standing under *Illinois Brick*. Mr. Guiney also represented plaintiffs/respondents at the United States Supreme Court in *China Agritech*



*v. Resh*, 584 U.S. __ (2018), where the Court addressed tolling in the class action context. Mr. Guiney also initially served as counsel of record and briefed opposition to petition for writ of certiorari, and argued and achieved a precedential reversal of motion to dismiss in a published opinion at the United States Court of Appeals for the Ninth Circuit in *Resh v. China Agritech*, No. 15-5543, 2017 U.S. App. LEXIS 9029 (9th Cir. May 24, 2017).

Some of Mr. Guiney's notable results on behalf of investors include: *Mallozzi v. Industrial Enterprises of America, Inc., et al.*, 1:07-cv-10321-DLC (S.D.N.Y.) ($3.4 million settlement on behalf of shareholders); *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (JBW) (MDG) (E.D.N.Y.) ($18.5 million settlement on behalf of shareholders); *In re MBNA Corp. ERISA Litigation*, Master Docket No. 05-429 (GMS), (D. Del) ($4.5 million settlement on behalf of plan participants).

**MALCOLM T. BROWN**: *admitted:* United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania; United States Court of Appeals for the Second Circuit. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994). Mr. Brown's primary areas of practice are securities, derivative, M&A litigation and consumer class actions. Recent notable decisions include: *Johnson v. Ford Motor Co.*, 309 F.R.D. 226 (S.D. W. Va. 2015); *Thomas v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 43268 (D.S.C. Mar. 31, 2014); *In re Merkin Sec. Litig.*, 2015 U.S. Dist. LEXIS 178084 (S.D.N.Y. Aug. 24, 2015). Prior to joining Wolf Haldenstein, Mr. Brown was a business litigation attorney who represented financial institutions, corporations and partnerships and advised clients on business disputes, reorganizations, dissolutions and insurance coverage matters. Notable decisions include: *Garment v. Zoeller*, 2001 U.S. Dist. LEXIS 20736 (S.D.N.Y. June 19, 2001), *aff'd* 2002 U.S. App. LEXIS 9966 (2d Cir. May 24, 2002); *Bainton v. Baran*, 731 N.Y.S.2d 161 (1st Dep't 2001).

SPECIAL COUNSEL

**JUSTICE HERMAN CAHN**: *admitted:* New York. *Education*: Harvard Law School and a B.A. from City College of the City University of New York. Justice Herman Cahn was first elected as Judge of the Civil Court of the City of New York in 1976. He subsequently served as an Acting Justice of the Supreme Court from 1980 until 1992, when he was elected to the Supreme Court. Throughout his decades on the bench, he principally handled civil cases, with the exception of 1981 until 1987, when he presided over criminal matters. Justice Cahn was instrumental in the creation of, and a founding



Justice in, the Commercial Division within the New York State Supreme Court. He served as a Justice of the Commercial Division from its inception in 1993.

Among his most notable recent cases are the consolidated cases stemming from the Bear Stearns merger with JP Morgan (*In re Bear Stearns Litigation*); litigation regarding the America's Cup Yacht Race (*Golden Gate Yacht Club v. Société Nautique de Genève*); litigation stemming from the attempt to enjoin the construction of the new Yankee Stadium (*Save Our Parks v. City of New York*); and the consolidated state cases regarding the rebuilding of the World Trade Center site (*World Trade Center Properties v. Alliance Insurance; Port Authority v. Alliance Insurance*).

Justice Cahn is a member of the Council on Judicial Administration of the Association of the Bar of the City of New York. He has also recently been appointed to the Character and Fitness Committee of the Appellate Division, First Department. He is on the Register of Mediators for the United States Bankruptcy Court, Southern and Eastern Districts of New York.

Before ascending the bench, Justice Cahn practiced law in Manhattan. He was first admitted to the New York bar in 1956. He is admitted to practice in numerous courts, including the New York State courts, the Southern District of New York and the United States Supreme Court.

### Of Counsel

**DANIEL W. KRASNER**: *admitted:* New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education:* Yale Law School (LL.B., 1965); Yeshiva College (B.A., 1962). Mr. Krasner is of counsel at Wolf Haldenstein. He began practicing law with Abraham L. Pomerantz, generally credited as the "Dean of the Class Action Bar." He founded the Class Litigation Group at Wolf Haldenstein in 1976.

Mr. Krasner received judicial praise for his class action acumen as early as 1978. *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has



previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). The New York Law Journal referred to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields. In connection with a failed 1989 management buyout of United Airlines, Mr. Krasner testified before Congress.

More recently, Mr. Krasner has been one of the lead attorneys for plaintiffs in some of the leading Federal multidistrict cases in the United States, including the IPO Litigation in the Southern District of New York, the Mutual Fund Market Timing Litigation in the District of Maryland, and several Madoff-related litigations pending in the Southern District of New York. Mr. Krasner has also been lead attorney in several precedent-setting shareholder actions in Delaware Chancery Court and the New York Court of Appeals, including *American International Group, Inc. v. Greenberg*, 965 A.2d 763 (Del. Ch. 2009) and the companion certified appeal, *Kirschner v. KPMG LLP*, Nos. 151, 152, 2010 N.Y. LEXIS 2959 (N.Y. Oct. 21, 2010); *Teachers' Retirement System of Louisiana and City of New Orleans Employees' Retirement System, derivatively on behalf of nominal defendant American International Group, Inc., v. PricewaterhouseCoopers LLP*, No. 152 (New York, October 21, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch., May 25, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 139, (Del. Ch. July 5, 2010), appeal refused, 2010 Del. LEXIS 324, 2010 WL 2690402 (Del. 2010).

Mr. Krasner has lectured at the Practicing Law Institute; Rutgers Graduate School of Business; Federal Bar Council; Association of the Bar of the City of New York; Rockland County, New York State, and American Bar Associations; Federal Bar Council, and before numerous other bar, industry, and investor groups.

**PETER C. HARRAR**: *admitted*; **New York;** United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Southern and Eastern Districts of New York. *Education*: Columbia Law School (J.D. 1984); Princeton University, Phi Beta Kappa, *magna cum laude.* Mr. Harrar is of counsel at the firm and has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

He has represented investment funds, hedge funds, insurance companies and other institutional investors in a variety of individual actions, class actions and disputes involving mortgage-backed securities and derivative instruments. Examples include *In re EMAC Securities Litigation*, a fraud case concerning private placements of securitized



loan pools, and *Steed Finance LDC v. LASER Advisors, Inc.*, a hybrid individual and class action concerning the mispricing of swaptions.

Over the years, Mr. Harrar has also served as lead or co-lead counsel in numerous securities class and derivative actions throughout the country, recovering hundreds of millions of dollars on behalf of aggrieved investors and corporations. Recent examples are some of the largest recoveries achieved in resolution of derivative actions, including *American International Group Consolidated Derivative Litigation*) ($90 million), and *Bank of America/Merrill Derivative Litigation* ($62.5 million).

JEFFREY G. SMITH:  *admitted:*  New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern, Central and Northern Districts of California and the Districts of Colorado and Nebraska.  *Education*: Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978); Vassar College (A.B., *cum laude generali*, 1974).  At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program.  Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section); American Association for Justice.  Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and has regularly served as a moot court judge for the A.B.A. and at New York University Law School.  Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation.  Mr. Smith is rated "AV" by Martindale Hubble and, since its inception in 2006, has been selected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine.

JENNY YOUNG DU PONT: *admitted*: New York; Massachusetts; District of Columbia; U.S. Supreme Court. *Education*: Princeton University (A.B. *cum laude*); Georgetown University Law Center/School of Foreign Service (J.D./M.S.F.S. *magna cum laude*); Order of the Coif; *Georgetown Law Journal*, Notes and Comments Editor.

Ms. du Pont has extensive experience representing domestic and international companies ranging in size from small privately-held firms to large public companies in



a variety of corporate, investment, banking, insurance, finance, and employment matters. Ms. du Pont began her legal career at two AmLaw 100 firms in Washington, D.C. and London, U.K. and a decade later moved into in-house counsel roles, first with Plymouth Rock Assurance Corporation in Boston, MA, and later with Millennium Management, LLC in New York. Ms. du Pont also advises and presents on issues related to family businesses, family offices, and managing wealth transfer across generations.

In addition to her legal experience, Ms. du Pont has significant experience in the non-profit sector. Ms. du Pont was President and CEO of The Garden Conservancy in Cold Spring, New York and Executive Director of Miracle House of New York, Inc., and has acted a legal and strategic advisor to a variety of for profit and non-profit entities in New York. For more than 20 years, Ms. du Pont also has been a director, trustee, and officer for a broad range of educational, cultural, scientific, and service non-profit entities. Ms. du Pont served for a number of years as a Trustee of Phillips Exeter Academy, in Exeter, NH, and as a member and Vice Chair of the Warrant Committee for the Town of Dover in Massachusetts. She is currently a Director of the American Friends of the British Museum and of the American Patrons of the National Galleries and Library of Scotland, serves as an Advisory Council member for the Untermyer Gardens Conservancy in Yonkers, NY and the Sing Sing Prison Museum Master Narrative Project, in Ossining, NY, and is chair of the Advisory Council for the Conservation Law Foundation in Boston, MA.

**KATE MCGUIRE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

Ms. McGuire has extensive experience prosecuting complex litigation. Her work encompasses consumer and data protection class actions, securities class and derivative shareholder cases and nationwide antitrust suits.

She is a member of the Firm's Consumer Protection practice group and, in that context, has worked intensively to protect classes of consumers under a range of state and federal laws. Recently, she served as a member of the co-lead counsel team in *Simerlein et al. v. Toyota Motor Corporation et al.*, 3:17-CV-01021-VAB (D. Conn.), representing more than a million owners of Sienna minivans in litigation that settled for class-wide benefits valued at between $30 and $40 million. Presently, she serves on a team



representing plaintiffs in multi-district litigation against Fisher-Price and Mattel, relating to Rock 'n Play infant sleepers which are alleged to be dangerous and misleadingly marketed. She has also served as a member of the firm's lead or co-counsel teams in other consumer protection cases, including litigation based upon allegations of misrepresentations and omissions concerning the purported safety of electronic cigarettes.

Ms. McGuire has also represented plaintiffs with respect to the protection of their civil rights. For example, she represented a blind plaintiff in a suit under the Americans with Disability Act against a major trading online trading company, and represented a group of minority business owners in federal civil rights litigation concerning disparate treatment which settled for significant governance therapeutics.

**CARL MALMSTROM:** *admitted:* Illinois; Minnesota; United States Court of Appeals for the Seventh Circuit; Northern and Southern Districts of Illinois; Northern District of Indiana; District of Minnesota; Eastern District of Missouri; Western District of New York. *Education:* University of Chicago (A.B., Biological Sciences, 1999; A.M., Social Sciences, 2001); The University of Hawai'i at Manoa (M.A., Anthropology, 2004); Loyola University Chicago School of Law (J.D., 2007). Prior to joining the firm, Mr. Malmstrom worked for the City of Chicago Department of Law in the Municipal Prosecutions Division; he is a member of the Chicago Bar Association. Mr. Malmstrom has substantial experience litigating complex class actions in several practice areas, including antitrust, consumer fraud, and data security. Representative cases in which he has represented plaintiffs include *Bokelman et al. v. FCH Enterprises, Inc.*, Case No. 1:18-cv-209 (D. Haw.), involving customers of Zippy's Restaurants in Hawaii whose personal data was stolen by hackers, *In re: Experian Data Breach Litigation*, Case No. 8:15-cv-1592 (C.D. Cal.); *Freeman-Hargis v. Taxi Affiliation Services, LLC*, Case No. 2016-CH-02519 (Cir. Ct. Cook Cty.), involving customers of several taxi services in Chicago who were unlawfully charged fees for using credit cards in taxis.

### ASSOCIATES

**KEVIN COOPER**: *admitted*: New York; New Jersey; U.S. District Courts for the Eastern, Northern, and Southern Districts of New York and the District of New Jersey; United States Court of Appeals for the Second, Third, and Ninth Circuits. *Education:* Fordham University (B.A., Legal and Policy Studies, 2011); Brooklyn Law School (J.D., 2014), where he served as an Associate Managing Editor on the Brooklyn Journal of Corporate, Financial & Commercial Law and as a Barry L. Zaretsky Fellow in



Commercial and Bankruptcy Law. Mr. Cooper's primary areas of focus are securities and derivative litigation.

**BRITTANY N. DEJONG**: *admitted***:** California; U.S. District Courts for the Southern, Northern, Central and Eastern Districts of California. *Education:* University of Phoenix (B.S. 2005); Golden Gate University, School of Law (J.D. 2008), Graduated with Highest Honors, Editor – Law Review, Merit Scholarship Recipient, Member: State Bar of California. Prior to joining Wolf Haldenstein, Ms. DeJong was an associate at a boutique trial firm in San Francisco where her practice focused on multiparty litigation involving catastrophic property damage. Prior to entering private practice, Ms. DeJong worked as a Research Attorney for the Honorable Peter Busch in the Law & Motion Department at the San Francisco Superior Court. Additionally, while in law school, Ms. DeJong externed for the Honorable Susan Illston of the Northern District of California and the U.S. Securities and Exchange Commission.

**PATRICK DONOVAN**: *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Second and Fourth Circuits. *Education:* Iona College (B.A., Business Management, 2007); St. John's University School of Law (J.D. 2011). Mr. Donovan's primary areas of focus are securities, derivative and M&A litigation.

**MARISA LIVESAY:** *admitted***:** California; United States District Courts for the Southern, Central and Northern District of California; Ninth Circuit. *Education*: University of Arizona (B.A., History & Spanish, 1999); University California Los Angeles Law School (J.D. 2002).

PARAPROFESSIONALS

**GREGORY STONE:** *Education:* University of Pennsylvania (B.S., Economics, 1979); University of California, Los Angeles (MBA, 1983). Mr. Stone is the Firm's Director of Case and Financial Analysis. He assists partners and associates in identifying and researching potential federal class action securities, derivative litigation and merger & acquisition (M&A) litigation. Mr. Stone has worked with leading securities class action firms in an analytical and investigative role for over 18 year throughout the United States, and has an extensive professional background in the accounting and investment professions. He plays a key role in new case development, including performing investigations into potential securities fraud class actions, derivative and other corporate governance related actions. By using a broad spectrum of financial news and



legal industry research tools, Mr. Stone analyzes information that helps identify and support the theories behind the firm's litigation efforts. .



## Non-Discrimination Policies

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination.  The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960s by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
www.whafh.com

SYMPHONY TOWERS
750 B STREET, SUITE 1820
SAN DIEGO, CA 92101
Telephone:  619-239-4599
Telecopier: 619-234-4599

111 West Jackson
SUITE 1700
CHICAGO, IL 60604
Telephone: 312-984-0000
Telecopier: 312-214-3110

