UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD JACOBOWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RANGE RESOURCES CORPORATION, JEFFREY L. VENTURA, MARK S. SCUCCHI, and ROGER S. MANNY,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:21-cv-301 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER VENUE
<u>TO THE NORTHERN DISTRICT OF TEXAS</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...........................................................................................................................1

SUMMARY OF FACTS AND ALLEGATIONS ...........................................................................2

ARGUMENT ..................................................................................................................................3

I.      This Case Could Have Been Brought in the Northern District of Texas ............................4

II.     The Private and Public Interest Factors Favor Transfer ....................................................4

        A.     Plaintiff's Claims Arose in Texas, Where Range's Securities Disclosures
               Were Prepared, Certified, Approved, and Filed ......................................................5

        B.     The Defendants, Witnesses, and Documents Are in Texas ....................................7

        C.     The Convenience of the Parties Favors Proceeding in Texas. ................................8

        D.     Defendants Prefer to Litigate This Case in Texas, and Plaintiff's Forum
               Choice Is Accorded Little Weight. .........................................................................9

        E.     The Public Interest Factors Favor Transfer to Texas. ...........................................10

CONCLUSION ..............................................................................................................................10

**TABLE OF AUTHORITIES**

Page

**CASES**

*Garity v. Tetraphase Pharms. Inc.*,
2019 WL 2314691 (S.D.N.Y. May 30, 2019) ........................................................1, 5, 7, 8,

*High River Ltd. P'ship v. Mylan Lab'ys*, 353 F. Supp. 2d 487 (M.D. Pa. 2005).......................4

*Huang v. Sonus Networks, Inc.*, 2016 WL 1090436 (D.N.J. Mar. 21, 2016) ..............4, 6, 9, 10

*In re Amkor Tech., Inc. Sec. Litig.*,
2006 WL 3857488 (E.D. Pa. Dec. 28, 2006)............................................................ *passim*

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008)......................................................................7

*In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) ...............................................................4

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .......................................................4

*Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*,
2020 WL 1808270 (W.D. Pa. Apr. 9, 2020).............................................................. *passim*

*Santomenno v. Transamerica Life Ins. Co.*,
2012 WL 1113615 (D.N.J. Mar. 30, 2012)..........................................................................9

*Truk Int'l Fund, LP v. Wehlmann*, 2009 WL 1456650 (S.D.N.Y. May 20, 2009)....................5

*Wojtunik v. Kealy*, 2003 WL 22006240 (E.D. Pa. Aug. 26, 2003).............................5, 6, 7, 10

**STATUTES**

28 U.S.C. § 1404(a) ......................................................................................................1, 3, 4

**INTRODUCTION**

This case is a putative nationwide securities class action against Range Resources Corporation ("Range"), a NYSE listed company headquartered in Fort Worth, Texas, and two of its current and one of its former executives, all of whom live and work in the Fort Worth area. The suit asserts claims based on alleged misstatements and omissions in Range's securities filings, which were prepared, certified, approved and filed by Range's personnel in Fort Worth, Texas. Range's executives and key decisionmakers, including its Chief Executive Officer, Chief Financial Officer, Chief Operating Officer and Principal Accounting Officer, all work from Range's headquarters in Fort Worth, Texas. As such, this case should be litigated in Fort Worth, Texas.

In securities matters like this one, "transfers to the issuer's home district are routine as a practical matter in securities class actions." *Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *4 (S.D.N.Y. May 30, 2019) (internal quotation marks and citation omitted). When evaluating transfer under 28 U.S.C. § 1404, courts look to several factors, including the location of the defendants, where the claims arose, the balance of convenience, the location of witnesses and documents, and other practical considerations that bear on the ease of litigating the claims at issue in a particular forum. These factors favor transfer to the Northern District of Texas. Each of the challenged securities disclosures was made and approved at Range's headquarters in Texas, by employees who live and work in the Fort Worth, Texas area. The defendants, witnesses, documents, and facts regarding Plaintiff's allegations that Range's securities filings were somehow false or misleading are located in Fort Worth. And although Plaintiff's claims relate to Range's supposed failure to disclose an investigation by a Pennsylvania regulator, courts do not hesitate to transfer securities suits to an issuer's headquarters even when the statements at issue have some topical connection to the original court. *See, e.g.*, *In re Amkor Tech., Inc. Sec. Litig.*,

1

2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) (transferring securities suit to corporate headquarters and noting that, "[w]hile it may be true that the wrongdoing . . . occurred exclusively in [Pennsylvania], that has little bearing on what should be the appropriate venue for litigation alleging securities fraud").  The same applies here, and this Court should transfer this suit to the Northern District of Texas.

SUMMARY OF FACTS AND ALLEGATIONS

Range is a Fort Worth, Texas-based independent natural gas, natural gas liquids, and oil exploration and production company engaged in the exploration, development and acquisition of natural gas and oil properties in the United States.  Range is headquartered at 100 Throckmorton Street, Suite 1200, Fort Worth, Texas.  Compl. ¶ 13; Ex. A (David P. Poole Decl.) ¶¶ 4, 5 (hereinafter, "Decl.").  Individual defendants Jeffery L. Ventura (Range's CEO), Mark S. Succhi (Range's Senior Vice President and CFO), and Roger S. Manny (Range's former CFO) (collectively, "Individual Defendants"), all reside and work (or, in the case of Mr. Manny, who has retired, worked) in the Fort Worth area.  Decl. ¶¶ 6–8.  Range's investor relations and accounting teams reside and work in the Fort Worth area.  Decl. ¶¶ 12, 13.  The employees responsible for preparing Range's securities filings—including all the filings identified in the Complaint—live in the Fort Worth area and work from Range's headquarters.  Decl. ¶ 10.  Range's financial statements are audited by Ernst & Young in Fort Worth.  Decl. ¶ 14.

This case arises from certain statements in Range's securities filings that the plaintiff alleges were false or misleading—allegations Range vigorously disputes.  Specifically, the plaintiff challenges Range's subjective opinions in accounting for its asset retirement obligations ("AROs").  As Range's securities filings explain, AROs "primarily represent the estimated value of the amounts we will incur to plug, abandon, and remediate our producing properties at the end

of their productive lives," and rely on "estimates of plugging and abandonment costs, estimated future inflation rates and well lives," and other "historical data as well as current estimated costs." Compl. ¶ 22.  Range's periodic securities filings made clear that its long-term AROs were estimated between approximately $250 and $300 million between 2016 and 2020, fluctuating by millions of dollars annually in the ordinary course of Range's business.  *Id.* ¶¶ 22–38.

In addition, the plaintiff challenges Range's disclosures in its periodic securities filings that it was "the subject of . . . a number of pending or threatened legal actions and claims," and that it "believe[d] that the amount of the liability, if any, ultimately incurred with respect to proceedings or claims will not have a material adverse effect on our consolidated financial position as a whole." *Id.* ¶ 31.  The plaintiff argues that this statement was false or misleading because Range failed to identify specifically a Pennsylvania Department of Environmental Protection ("DEP") investigation that resulted in a $294,000 fine.  *Id.* ¶ 42.

The plaintiff seeks to bring "a federal securities class action on behalf of a class consisting of all persons and entities . . . that purchased or otherwise acquired" Range stock between April 29, 2016 and February 10, 2021.  *Id.* ¶ 1.  On May 3, 2021, four investors filed applications to serve as lead plaintiff on behalf of the nationwide class.  None of the four investors appears to reside in Pennsylvania; rather, they appear to reside in New York, New Jersey, or London.  Each investor has retained a different nationwide plaintiffs' firm as proposed class counsel, and none of the proposed lead counsel identified on their filings is located in Pennsylvania.

## ARGUMENT

As the Court knows, under 28 U.S.C. § 1404(a) transfer is appropriate if the action could originally have been filed in the transferee forum and the balance of applicable private and public factors favor transfer.  The moving party "is not required to show truly compelling circumstances,"

3

but rather that, "all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (internal punctuation and citation omitted). Here, the balance of factors plainly favors transfer to the Northern District of Texas under section 1404(a).

## I.     This Case Could Have Been Brought in the Northern District of Texas.

This case could obviously have been brought in the Northern District of Texas. "Claims alleging violations of the Securities Exchange Act may be brought in a district where a defendant resides or is found[.]" *Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*, 2020 WL 1808270, at *5 (W.D. Pa. Apr. 9, 2020). Here, Range's headquarters and the Individual Defendants are all located in the Northern District of Texas, Decl. ¶¶ 5–8, making venue in that district proper.

## II.    The Private and Public Interest Factors Favor Transfer.

The applicable private and public interests likewise support transfer. In assessing the private interests, courts consider the place where the claims arose, and the location of parties, documents, and witnesses, and the forum preferences and convenience of both the plaintiffs and defendants. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The public interests include the "practical considerations that could make the trial easy, expeditious, or inexpensive," the administrative differences between forums including court congestion, and the forum's familiarity with the applicable law. *Id.*

These interests typically converge in securities cases and weigh heavily in favor of litigating the case where the defendant company is headquartered and where the challenged disclosures were made. As such, courts routinely transfer securities class action claims to the location of the defendant company's headquarters. *See In re Amkor Tech., Inc. Sec. Litig.*, 2006 WL 3857488, at *5 (transferring securities suit to defendant's headquarters); *Osborne*, 2020 WL 1808270, at *7 (derivative suit); *Huang v. Sonus Networks, Inc.*, 2016 WL 1090436, at *3 (D.N.J.

Mar. 21, 2016) (securities suit); *High River Ltd. P'ship v. Mylan Lab'ys*, 353 F. Supp. 2d 487, 498 (M.D. Pa. 2005) (securities suit); *Wojtunik v. Kealy*, 2003 WL 22006240, at *8 (E.D. Pa. Aug. 26, 2003) (securities suit); *see also, e.g.*, *Garity*, 2019 WL 2314691, at *5 (securities suit); *Truk Int'l Fund, LP v. Wehlmann*, 2009 WL 1456650, at *6 (S.D.N.Y. May 20, 2009) (transferring securities suit to defendant's Texas headquarters and collecting additional, similar cases).

### A.    Plaintiff's Claims Arose in Texas, Where Range's Securities Disclosures Were Prepared, Certified, Approved, and Filed.

The core issue here—which, to be clear, Range disputes—is whether Range's securities disclosures to investors were false or misleading, and whether the persons who signed them acted with scienter. Every one of those disclosures—and the decisions surrounding them—were prepared, certified, and approved at, and filed, from Range's headquarters in Fort Worth. "[I]t is well established that in securities cases 'misrepresentations and omissions are deemed to occur in the district from which they are transmitted or withheld,'" which is why securities suits are routinely transferred to defendants' corporate headquarters. *In re Amkor Tech.*, 2006 WL 3857488, at *5 (citation omitted) (transferring securities suit to district of defendant's headquarters).

Here, "there can be no question that this claim arose in [Texas] since such SEC filings and alleged misrepresentations were made from there." *Wojtunik*, 2003 WL 22006240, at *8. The Form 10-Q and Form 10-K securities filings that form the basis for Plaintiff's claims, *see* Compl. ¶¶ 22, 24, 28, 33, 37, were prepared in Fort Worth, Decl. ¶¶ 10, 12, 13. The Individual Defendants signed the Sarbanes-Oxley certifications appended to each filing, *see* Compl. ¶¶ 23, 27, 32, 36, 40, in Fort Worth, Decl. ¶ 11. Range's accounting department is located in Fort Worth. Decl. ¶ 13. Range's investor relations department, which assists with securities filings, earnings releases and other communications with investors, is located in Fort Worth. Decl. ¶ 12.

5

Any claim that this case should remain in Pennsylvania because it relates to Range's securities disclosures about a Pennsylvania regulatory agency investigation is a red herring: Plaintiff's suit has *nothing* to do with the substance of the investigation itself.  Rather, the heart of the claims are whether Range's securities disclosures were false and misleading, and whether the alleged misstatements were made with scienter.  Those disclosures were prepared and approved at Range's headquarters in Fort Worth, by employees and officers who live and reside in Fort Worth. Indeed, courts frequently transfer securities suits to the defendants' headquarters even in cases where part of the operational or business events relevant to the suit occurred in the original forum. *See, e.g., Osborne*, 2020 WL 1808270, at *7 (transferring derivative and ERISA case to district of corporate headquarters even though defendant had substantial operations in Pittsburgh); *In re Amkor Tech., Inc.*, 2006 WL 3857488, at *5 (transferring securities case involving company with Pennsylvania offices, since "the vast majority of events and public statements alleged in the Complaint occurred or 'were made' in Arizona from the Company's Arizona Headquarters"); *Wojtunik*, 2003 WL 22006240, at *4 (granting transfer where company's public statements were "made from Arizona"; fact "that IFC conducted some business in the Eastern District of Pennsylvania" did not prevent transfer); *Huang*, 2016 WL 1090436, at *3 (fact that defendants' product development employees were located in New Jersey insufficient to prevent transfer to district where company was headquartered and where alleged misstatements were made).  While Range acknowledges it has operation in Pennsylvania and the regulatory investigation arose out of its operations in Pennsylvania, transfer is appropriate here because the allegedly misleading statements, which are the crux of the plaintiff's allegations and claims, were made and prepared at Range's headquarters.

### B.    The Defendants, Witnesses, and Documents Are in Texas.

The location of the defendants, documents, and witnesses likewise favors transfer to the Northern District of Texas.  Range is headquartered in Fort Worth, and the Individual Defendants all reside in the Northern District of Texas and work in the Fort Worth area.  Decl. ¶¶ 5–8.  The Defendants' presence in the Northern District of Texas strongly favors transfer.  Other key witnesses are likely to reside in the Fort Worth area.  "In a securities class action, courts presume the 'key witnesses' are 'officers and employees of [the corporate issuer] who participated in drafting or distributing [the challenged] statements.'"  *Garity*, 2019 WL 2314691, at *3 (quoting *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008)).  As explained in the Poole Declaration, the Range employees involved in Range's securities disclosures, including Range's accounting and investor-relations employees, are located in Fort Worth.  Decl. ¶¶ 10, 12, 13.

To the extent some courts place greater weight on the convenience and availability of *third-party* witnesses, *e.g.*, *Osborne*, 2020 WL 1808270, at *9, those third-party witnesses, too, are likely to be located in Fort Worth, rather than in Pennsylvania.  Here, Range's independent auditors at Ernst & Young are potential third-party witnesses who were involved in the accounting and auditing of Range's financial statements prior to the filing of its SEC disclosures and are located in Fort Worth.  Decl. ¶ 14.  The location of the corporate defendant's independent auditors has prompted courts to transfer similar suits.  *Osborne*, 2020 WL 1808270, at *9; *Wojtunik*, 2003 WL 22006240, at *10.

Finally, any documents relevant to Range's securities disclosures are likely to be located in Fort Worth or to be accessed for discovery from Fort Worth.  With the advent of modern technology, courts often consider this factor to be neutral, or to have reduced importance.  *See Wojtunik*, 2003 WL 22006240, at *10.  However, although this factor "generally does not carry

7

much weight," it nonetheless "weigh[s] in favor of transfer to the corporate issuer's home forum in securities class actions." *Garity*, 2019 WL 2314691, at *3. To the extent there exist documents maintained in hard copy that will be difficult to transport or produce electronically, this factor favors transfer to Texas. *See Osborne*, 2020 WL 1808270, at *9 ("all of the activities that were challenged in these actions allegedly occurred by individuals located in Chicago, doing their work in Chicago, so the natural and likely inference is that any documents relative to those things, to the extent they are paper rather than virtual, are in Chicago"); *In re Amkor Tech.*, 2006 WL 3857488, at *6 ("access to sources of proof weighs in favor of the defendants, as [their] records—like [their] personnel—are located in Arizona"). For information maintained by Range in electronic form, the personnel in Range's Legal and IT departments who are responsible for conducting searches and producing electronic material are in Fort Worth. Decl. ¶ 15.

### C.    The Convenience of the Parties Favors Proceeding in Texas.

The convenience of the parties favors proceeding with this suit in Texas. In particular, because the Individual Defendants are all in Texas and, except for Mr. Manny, are all engaged in the day-to-day management of Range's operations,"[i]t would clearly be more convenient to hold the trial in [Texas] where . . . individual defendants who are senior officers of the corporation would be available to testify without causing disruption to their daily management" of Range. *In re Amkor Techs.*, 2006 WL 3857488, at *4; *see also Garity*, 2019 WL 2314691, at *4 (similar). It would be significantly more burdensome and disruptive for Range if Mr. Ventura and Mr. Scucchi had to appear physically for trial or other proceedings in the Western District of Pennsylvania than in the Northern District of Texas. Decl. ¶ 9. The same is true of other Range employees who may be called away from their duties to testify; proceeding in Texas will minimize business disruptions while still allowing those witnesses to participate fully in this action. Decl. ¶¶ 9, 10, 12, 13, 16.

Conversely, proceeding in Texas would impose no hardship on any of the putative lead plaintiffs.  None appears to have any connection to Pennsylvania—indeed, each appears to reside outside of Pennsylvania—and all have retained putative lead counsel from outside of Pennsylvania, from plaintiffs' firms that litigate securities actions across the country.  Moreover, the plaintiff here seeks to represent a nationwide class of investors, and acknowledges that Range's stock trades publicly on the New York Stock Exchange and "there are presumably hundreds, if not thousands, of investors in Range Resources' stock located within the U.S."  Compl. ¶ 10.  Under the circumstances, moving this suit to Texas would result in significant efficiencies and impose only "modest" inconvenience, if any, on the plaintiff.  *In re Amkor Tech.*, 2006 WL 3857488, at *5 (noting convenience factor favored defendants in transferring securities class-action).

### D.    Defendants Prefer to Litigate This Case in Texas, and Plaintiff's Forum Choice Is Accorded Little Weight.

The "preferences of the parties" favors transfer here.  Defendants prefer to litigate this suit in Texas.  Decl. ¶ 16.  And Defendants' preference here "weighs in favor of transfer, as all the Defendants are located in that state."  *See Huang*, 2016 WL 1090436, at *2.

Moreover, when a plaintiff in a securities suit seeks to represent a nationwide class of shareholders, the representative plaintiff's "forum preference . . . is entitled to little weight."  *Osborne*, 2020 WL 1808270, at *6.  This stands to reason:  In class actions like this one, "'the participation of the class representative is generally minimal' and 'the potential members of the class will likely be scattered across the United States.'"  *Huang*, 2016 WL 1090436, at *2 (quoting *Santomenno v. Transamerica Life Ins. Co.*, 2012 WL 1113615, at *5 (D.N.J. Mar. 30, 2012)).  In addition, none of the putative lead plaintiffs appear to be Pennsylvania residents, and a plaintiff's choice of forum is accorded little weight when it is not the plaintiff's home jurisdiction.  *See In re Amkor Tech.*, 2006 WL 3857488, at *3.  The plaintiff's initial choice poses no obstacle to transfer.

### E.    The Public Interest Factors Favor Transfer to Texas.

The relevant public interest factors likewise favor transfer to the Northern District of Texas. The interest of "having local controversies decided at home" strongly favors having a Texas court decide this case. And when the defendant company and officers are citizens of a state, that state "has a far greater interest in this case based upon the fact that [the plaintiff's] claims focus on Defendants['] actions and transactions within [that state] in the representations Defendants made." *Wojtunik*, 2003 WL 22006240, at *11. Conversely, Pennsylvania has no specific interest in the resolution of this suit: This is a securities case to recover economic damages on behalf of a nationwide class Range's shareholders based on public disclosures prepared and filed in Fort Worth. While the disclosures at issue concern a Pennsylvania investigation, none of the putative lead plaintiffs appear to have any connection to Pennsylvania, and this suit is not seeking to vindicate alleged injuries unique to Pennsylvania residents.

As explained above, "the practical considerations that could make the trial easy, expeditious, or inexpensive" also favor transfer to Fort Worth. *Wojtunik*, 2003 WL 22006240, at *7. The Defendants, party- and non-party witnesses, and documents are located there, not in Pennsylvania. Moreover, there is also no doubt that the Northern District of Texas is capable of adjudicating the federal securities claims at issue, that the judgment will be enforceable in Texas, where all defendants reside. *Huang*, 2016 WL 1090436, at *4.

## CONCLUSION

For all the foregoing reasons, this Court should transfer this case to the Northern District of Texas.

10

Dated: May 4, 2021                       WILLIAMS & CONNOLLY LLP

*/s/ Zachary K. Warren*_____
Amanda M. MacDonald
      (motion for admission pending)
Zachary K. Warren (Bar No. 1015292)
Michael J. Mestitz
      (motion for admission pending)
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029
amacdonald@wc.com
zwarren@wc.com
mmestitz@wc.com

11