UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD JACOBOWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RANGE RESOURCES CORPORATION, JEFFREY L. VENTURA, MARK S. SCUCCHI, and ROGER S. MANNY,<br><br>Defendants. | Case No. 2:21-cv-00301-RJC<br><br>CLASS ACTION |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION
TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND...................................................... 2

ARGUMENT ...................................................................................................................... 4

    A.     Defendants Have Failed to Establish That the Private and Public Interest Factors Strongly Favor Transfer ...................................................................................5

           1.     The Private Interest Factors Weigh Against Transfer ...................................6

                    a.     Plaintiff's Venue Preference Weighs Against Transfer.................. 6

                    b.     Defendants' Venue Preference Does Not Weigh in Favor of Transfer and Merely Shifts Inconvenience to the Plaintiff............. 7

                    c.     The Claims in this Action Arise from Defendants' Activity in Western Pennsylvania ...................................................................... 9

                    d.     Defendants' Convenience as Indicated by Physical and Financial Condition Should Be Afforded No Weight ................................. 10

                    e.     Convenience of Witnesses Favors this District ........................... 11

                      f.     The Location of Books and Records is of Neutral Weight........... 13

           2.     The Public Interest Factors Weigh Against Transfer ...................................13

CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Fluid Sys., Inc. v. Huber*,
No. 1:13-CV-3087, 2014 U.S. Dist. LEXIS 62799 (M.D. Pa. May 7, 2014).................5, 6, 14

*Allegheny Cty. Emples. Ret. Sys. v. Energy Transfer LP*,
No. 20-200, 2020 U.S. Dist. LEXIS 66867 (E.D. Pa. Apr. 16, 2020) .......................7, 8, 10, 11

*Amgen, Inc. v. Ariad Pharms., Inc.*,
513 F. Supp. 2d 34 (D. Del. 2007)...................................................................................8, 11

*Battle v. Wal-Mart Stores, Inc.*,
No. 19-0945, 2019 U.S. Dist. LEXIS 180224 (E.D. Pa. Oct. 17, 2019) ...........................12, 15

*Berger v. Marriott Int'l, Inc.*,
No. 20-2508, 2020 U.S. Dist. LEXIS 149881 (E.D. Pa. Aug. 19, 2020) .............................5, 7

*Berman v. Informix Corp.*,
30 F. Supp. 2d 653 (S.D.N.Y. 1998)......................................................................................7

*Coppola v. Ferrellgas, Inc.*,
250 F.R.D. 195 (E.D. Pa. 2008).............................................................................................11

*In re DBSI, Inc.*,
Nos. 08-12687(PJW) et al., 2014 U.S. Dist. LEXIS 135116 (D. Del. Sept. 25,
2014) .....................................................................................................................................10

*Edwards v. Equifax Info. Servs., LLC*,
313 F. Supp. 3d 618 (E.D. Pa. 2018) .....................................................................................7

*EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*,
370 F. Supp. 2d 728 (E.D. Pa. 2005) .....................................................................................9

*Gielata v. Heckmann*,
C.A. No. 10-378-LPS-MPT, 2010 U.S. Dist. LEXIS 106674 (D. Del. Oct. 6,
2010) ...........................................................................................................................7, 8, 10, 13

*Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
797 F. Supp. 2d 472 (D. Del. 2011)....................................................................................1, 5

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)............................................................................. *passim*

*Kiker v. SmithKline Beecham Corp.*,
   No. 14-1445, 2014 U.S. Dist. LEXIS 140106 (E.D. Pa. Oct. 1, 2014) ...................................12

*Leatherman v. Cabot Oil & Gas Corp.*,
   No. 12-3783, 2013 U.S. Dist. LEXIS 45297 (E.D. Pa. Mar. 29, 2014)..................................14

*Lony v. E.I. du Pont de Nemours & Co.*,
   886 F.2d 628 (3d Cir. 1989)...................................................................................................5

*Moore v. St. Paul Cos., Inc.*,
   No. 94-1329, 1995 U.S. Dist. LEXIS 177 (D.N.J. Jan. 3, 1995).............................................14

*New Century Fin., Inc. v. Oledix Techs., LLC*,
   No. H-13-0391, 2013 U.S. Dist. LEXIS 89350 (S.D. Tex. June 24, 2013).............................11

*Plumbers' Union Loc. No. 12 Pension Fund v. Swiss Reinsurance Co.*,
   753 F. Supp. 2d 166 (S.D.N.Y. 2010).....................................................................................10

*S-G Sec., Inc. v. Fuqua Inv. Co.*,
   466 F. Supp. 1114 (D. Mass. 1978) ..........................................................................................7

*SEC v. Electronics Warehouse, Inc.*,
   689 F. Supp. 53 (D. Conn. 1988).............................................................................................7

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970)....................................................................................................5, 6

*Sovereign Bank, F.S.B. v. Rochester Community Sav. Bank*,
   907 F. Supp. 123 (E.D. Pa. 1995) .............................................................................................7

*Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*,
   No. 09-2552, 2009 U.S. Dist. LEXIS 541989 (E.D. Pa. June 26, 2009)...................................5

**Statutes**

15 U.S.C. § 78u-4(a)(3) .................................................................................................................4

2012 Oil and Gas Act......................................................................................................................4

Private Securities Litigation Reform Act of 1995 .....................................................................4, 8

Securities Exchange Act of 1934.................................................................................................7, 9

**Other Authorities**

https://www.ey.com/en_us/locations/united-states (accessed on May 18, 2021)..........................12

https://www.rangeresources.com/contact-us/ (accessed on May 18, 2021) ..................................11

Plaintiff Howard Jacobowitz respectfully submits this Memorandum of Law in opposition to Defendants' motion to transfer the above-captioned action (the "Action") to the United States ("U.S.") District Court for the Northern District of Texas (the "Transfer Motion") (Dkt. No. 27).

## INTRODUCTION

This Action is a putative class action securities litigation arising from Defendants' misrepresentations to Range Resources Corporation ("Range Resources" or the "Company") investors regarding the Company's operations in Western Pennsylvania and compliance with Pennsylvania law and regulations promulgated by the Pennsylvania Department of Environmental Protection ("DEP"). *See generally* Dkt. No. 1 (the "Complaint"). Plaintiff filed his Complaint in this District precisely because these events, which underlie his claims, occurred in this District.

Defendants seek to transfer the Action from this District to the Northern District of Texas. In support of their Transfer Motion, Defendants in effect ask the Court to adopt a rule that would require any securities litigation to be adjudicated in the District in which the defendant corporation is headquartered. Although purportedly framed with reference to the multi-factor private and public interest test articulated in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) and its progeny, this argument sidesteps a thorough factor-by-factor analysis in favor of a reductive inquiry in which the location of a defendant corporation's headquarters is dispositive.

Undertaking the appropriate multi-factor analysis, it is clear that this Action should proceed in the Western District of Pennsylvania, not the Northern District of Texas. First and foremost among the points that the Defendants fail to address is that ***the burden is on Defendants***, as the movants, to establish that transfer is warranted, and this burden is heavy. *See Jumara*, 55 F.3d at 879; *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011). Defendants have failed to meet this burden. As set forth in detail below, ***none*** of the private or public interest factors favors transfer. With respect to the private interest factors: (1) Plaintiff

1

chose to file his Complaint in this District and his choice should not be lightly disturbed; (2) Defendants' preference to litigate this Action in the Northern District of Texas carries little weight; (3) a trial in this District poses no meaningful inconvenience to the Defendants; (4) the claims underlying this Action arose from Range Resources' operations in this District; (5) a trial in this District would pose no meaningful inconvenience to witnesses, whereas a trial in the Northern District of Texas would pose considerable inconvenience; and (6) all relevant books and records are equally accessible in the Western District of Pennsylvania and the Northern District of Texas.

As for the public interest factors: (1) a judgment in either the Western District of Pennsylvania or the Northern District of Texas would be enforceable; (2) the practical considerations in conducting a trial favor this District; (3) court operations in the Western District of Pennsylvania are less congested than those of the Northern District of Texas; (4) there is a strong local interest in adjudicating this Action; and (5) there is no meaningful difference as between the public policies of the two possible fora.

Accordingly, Plaintiff respectfully submits that the Court should deny Defendants' Transfer Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this Action on March 4, 2021 by filing a class action complaint in this District. *See generally* Complaint. Plaintiff opted to file his Complaint in this forum because, as set forth below, the conduct underlying his securities fraud claims occurred primarily in this District.

Range Resources operates as an independent natural gas, natural gas liquids ("NGLs"), and oil company in the U.S. Complaint ¶¶ 2, 20. The Company and its subsidiary, Range Resources–Appalachia, LLC, engage in the exploration, development, and acquisition of natural gas and oil properties in, among other U.S. regions, Fayette County, Pennsylvania. *Id.* As of December 31,

2019, the Company purportedly owned and operated 1,272 net producing wells in the Appalachian region, including Pennsylvania. *Id.* Under Pennsylvania regulations, Range Resources must apply for the correct designation of the status of its wells with local regulators. These status designations include, for example, "active," "inactive," or "abandoned." *Id.*

The Pennsylvania DEP enforces the regulations governing the correct designation of a well's status. *Id.* ¶¶ 3, 21. According to the DEP, "inactive" wells must be viable for future use within a certain time frame. *Id.* If a well is not viable for future use within that time frame, then the well should be classified as "abandoned" and must be plugged. *Id.* Improperly classified wells present serious health, safety, and environmental concerns to the residents of Pennsylvania, further highlighting the need for the correct designation of a well's status pursuant to Pennsylvania DEP regulations. *Id.*

The Complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's operations in Western Pennsylvania and its compliance with Pennsylvania law and DEP regulations. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Range Resources had improperly designated the status of its wells in Pennsylvania since at least 2013; (ii) the foregoing conduct subjected the Company to a heightened risk of regulatory investigation and enforcement, as well as artificially decreased the Company's periodically reported cost estimates to plug and abandon its wells; (iii) the Company was the subject of a Pennsylvania DEP investigation from sometime between September 2017 to January 2021 for improperly designating the status of its wells; (iv) the Pennsylvania DEP investigation foreseeably would and ultimately did lead to the Company incurring regulatory fines; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

3

On February 10, 2021, shortly before the close of the trading session, the Pennsylvania DEP issued a press release announcing that Range Resources had paid a $294,000 civil penalty to the agency on January 8, 2021 for violating the 2012 Oil and Gas Act. *Id.* ¶ 5. The DEP had begun investigating the Company after the agency found conflicting and inaccurate information on the status of a Company well in Fayette County, Pennsylvania—specifically concerning whether the well in question was correctly designated as inactive for the purposes of DEP regulation. *Id.* After subpoenaing Range Resources for information on other wells the Company had requested to designate as inactive, the DEP found that "between Tuesday, July 16, 2013, and Monday, October 11, 2017, 42 of Range Resources' conventional wells were placed on inactive status but were never used again" and that several of the Company's "wells had not been in use for 12 months at the time Range Resources submitted its applications for inactive status," even though "after 12 consecutive months of no production, the well would be classified as abandoned and must be plugged." *Id.* In addition to paying the DEP's civil penalty, Range Resources was ultimately required to plug the wells the agency identified as having no viable future use to remediate the issue. *Id.*

As a putative class action alleging violations of the federal securities laws, the Action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), including provisions for the appointment of a Lead Plaintiff and Lead Counsel. 15 U.S.C. § 78u-4(a)(3). On the May 3, 2021 statutory motion deadline, four members of the putative Class filed motions seeking appointment as Lead Plaintiff and approval of their respective selections of Lead Counsel. *See* Dkt. Nos. 11, 14, 17, 20. At the time of this submission, these motions remain pending.

## ARGUMENT

Courts in the Third Circuit deny motions to transfer venue unless the movant can establish both that: (i) the action could have been brought in the proposed transferee venue; and (ii)

4

numerous private and public interest factors clearly show a "need" for transfer. *Jumara*, 55 F.3d at 879 (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)). While the decision of whether to transfer an action to a different venue is within the court's discretion, "transfer is not to be liberally granted." *Shutte*, 431 F.2d at 25; *see also Lony v. E.I. du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) ("[G]reat deference is accorded a plaintiff's choice of forum."). The transfer movant bears the burden of establishing "the need for transfer[,]" *Jumara*, 55 F.3d at 879, and the burden is a "heavy one." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011).

Here, as set forth below, Defendants have failed to carry the heavy burden of demonstrating that "'the balance of convenience of the parties is **strongly** in favor of [transfer].'" *Berger v. Marriott Int'l, Inc.*, No. 20-2508, 2020 U.S. Dist. LEXIS 149881, at *5 (E.D. Pa. Aug. 19, 2020) (emphasis and alteration in original) (quoting *Shutte*, 431 F.2d at 25).

### A. Defendants Have Failed to Establish That the Private and Public Interest Factors Strongly Favor Transfer

Even if an action "***might*** have been brought" in another venue, "[t]he burden of establishing the need for transfer still rests with the movant." *Jumara*, 55 F.3d at 879 (emphasis added). When evaluating a transfer motion, courts in the Third Circuit apply a "multi-factored balancing test," *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. 09-2552, 2009 U.S. Dist. LEXIS 541989, at *14 (E.D. Pa. June 26, 2009), and weigh "all relevant factors'" to determine "'whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-CV-3087, 2014 U.S. Dist. LEXIS 62799, at *48 (M.D. Pa. May 7, 2014) (quoting *Jumara*, 55 F.3d at 879). As discussed below, courts in the Third Circuit generally assess certain

5

private and public interest factors in considering whether transfer is warranted on the facts of a given case. *Id.* at \*48-\*49, \*52-\*52 (citing *Jumara*, 55 F.3d at 879-80).

Here, even assuming *arguendo* that this Action could have been filed originally in the Northern District of Texas, the relevant private and public interest factors do not support transfer. While the Defendants nominally acknowledge that the *Jumara* balancing test is the relevant inquiry, their position—*i.e.*, that "courts routinely transfer securities class action claims to the location of the defendant company's headquarters" (Dkt. No. 27 at 4)—would effectively discard this multi-factor inquiry in favor of a simple rule that the location of a corporation's headquarters dictates venue in securities cases. Setting aside Defendants' reductive analysis in favor of a thorough factor-by-factor inquiry, it is clear that the relevant private and public interest factors in this instance weigh strongly ***against*** transfer, and that the Western District of Pennsylvania, not the Northern District of Texas, is the proper venue for this Action.

### 1. The Private Interest Factors Weigh Against Transfer

The private interest factors articulated in *Jumara* and its progeny are: (1) plaintiff's forum preference; (2) the defendants' forum preference; (3) where the claim(s) arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora at issue; and (6) the location of books and records. *See*, *e.g.*, *Advanced Fluid Sys.*, 2014 U.S. Dist. LEXIS 62799, at \*48-\*49. Here, the private interest factors on balance favor maintaining this Action in this District, and Defendants have failed to meet their burden to show otherwise.

### a. Plaintiff's Venue Preference Weighs Against Transfer

"Plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879; *see also Shutte*, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request."). Here, Plaintiff is an investor

asserting fraud claims under the Securities Exchange Act of 1934 (the "Exchange Act"), and courts recognize that the ordinary presumption favoring a plaintiff's preferred venue "is even stronger in cases brought under the Exchange Act's liberal venue provision, since it 'represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue.'" *Sovereign Bank, F.S.B. v. Rochester Community Sav. Bank*, 907 F. Supp. 123, 126 (E.D. Pa. 1995) (quoting *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 74 (D. Conn. 1988)); *see also S-G Sec., Inc. v. Fuqua Inv. Co.*, 466 F. Supp. 1114, 1121-22 (D. Mass. 1978) (same).

Furthermore, "the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998); *see also Berger*, 2020 U.S. Dist. LEXIS 149881, at *6 (same). Here, there is clearly a material connection between the forum state and the underlying events. The nexus of the underlying conduct consists of Range Resources' oil and gas extraction activities in Fayette County, Pennsylvania (within this District) and the Company's compliance with Pennsylvania law and regulations promulgated by Pennsylvania's Department of Environmental Protection.

      **b.**      **Defendants' Venue Preference Does Not Weigh in Favor of Transfer and Merely Shifts Inconvenience to the Plaintiff**

Defendants' venue preference typically "is not accorded particular weight." *Allegheny Cty. Emples. Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 U.S. Dist. LEXIS 66867, at *16 (E.D. Pa.) (citing *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018)). For Defendants' venue preference to outweigh the Plaintiff's, it is Defendants' "responsibility to ***prove*** that litigating in the plaintiff's forum 'would pose a unique or unusual burden on [their] operations.'" *Gielata v. Heckmann*, C.A. No. 10-378-LPS-MPT, 2010 U.S. Dist. LEXIS 106674,

at *8-*9 (D. Del. Oct. 6, 2010) (quoting *Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34, 45 (D. Del. 2007)).  "[M]ere inconvenience to a defendant is insufficient to warrant transfer . . . [and] [t]ransfer will be denied 'if the factors are evenly balanced or weigh only slightly in favor of the transfer,' or if a change in venue merely shifts the inconvenience to the nonmovant."  *Id.*

Here, Defendants have not demonstrated that maintaining this Action in the Western District of Pennsylvania rather than in the Northern District of Texas would "pose a unique or unusual burden" to Defendants.  *Heckmann*, 2010 U.S. Dist. LEXIS 106674, at *8 (quoting *Amgen*, 513 F. Supp. 2d at 45).  They have only argued that "be[ing] called away from their duties" in order to "appear physically for trial or other proceedings in the Western District of Pennsylvania" would "disrupt[]" Defendants' business.  Dkt. No. 27 at 8.  Yet being away from one's job temporarily is hardly a "unique or unusual burden," especially where, as here, Range Resources is a large company with hundreds of employees.  It is hard to believe that the Company's operations will be subject to severe disruption if certain of its officers and other employees are required to briefly travel to Western Pennsylvania.  Defendants have articulated no reason why the temporary absence of certain Company personnel from their offices in Fort Worth would ultimately be anything greater than a "mere inconvenience."

Moreover, although the Court has yet to appoint a Lead Plaintiff for this Action pursuant to the PSLRA, the requested transfer would place a substantial inconvenience on at least three of the five eligible Lead Plaintiff candidates before the Court.  *See Energy Transfer*, 2020 U.S. Dist. LEXIS 66867, at *16 ("Significantly, transfer is not warranted where the effect would be to shift inconvenience from defendant to plaintiff.").  Currently before the Court are five eligible Lead Plaintiff candidates: the initial Plaintiff, Howard Jacobowitz, a resident of New York (*see* Dkt. No. 1-3 at 1; Lead Plaintiff movant Hugh Melnick, also a resident of New York (*see* Dkt. No. 19-4 at

1); Lead Plaintiff movant James Khedari, a resident of California (*see* Dkt. No. 15 at 5); and Lead Plaintiff movants Henry Frenzel and Joseph Rotunno, neither of whom have disclosed their states of residence. *See generally* Dkt. Nos. 11-13, 20-22. Accordingly, three of the five eligible lead plaintiffs, including the current Plaintiff, are demonstrably ***not*** located in Texas, while the other two candidates have not indicated that they reside in Texas. Accordingly, it appears overwhelmingly likely that by transferring this action to the Northern District of Texas, Defendants will have merely shifted any inconvenience from themselves to the plaintiff. *See EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 370 F. Supp. 2d 728, 730 (E.D. Pa. 2005) ("the purposes of a venue transfer is not to shift inconvenience from one party to another.").

Accordingly, this factor weighs against transfer to the Northern District of Texas.

### c.      The Claims in this Action Arise from Defendants' Activity in Western Pennsylvania

Here, adjudicating the Action where the claims arose weighs strongly in favor of maintaining venue in the Western District of Pennsylvania. The Action arises from Defendants' false or misleading statements regarding compliance with Pennsylvania law and regulations promulgated by Pennsylvania's DEP in connection with Range Resources' operations in Fayette County, Pennsylvania, within this District. *See* Complaint ¶¶ 2-5, 10, 20-21.

Defendants make overmuch of the fact that their alleged misstatements—a ***single*** element of fraud claims arising under the Exchange Act—may have occurred in Fort Worth. *See generally* Dkt. No. 27 at 5-6. However, the facts that the Lead Plaintiff in this Action will proffer to demonstrate the falsity of those statements arise from the Company's extensive conduct in Western Pennsylvania. The Lead Plaintiff will seek to prove falsity through facts concerning, *inter alia*, Range Resources' compliance with the Pennsylvania DEP's regulations in connection with its oil and gas extraction activities in this District. Moreover, the Lead Plaintiff will likely rely upon

these same facts to establish Defendants' scienter.  *See Plumbers' Union Loc. No. 12 Pension Fund v. Swiss Reinsurance Co.*, 753 F. Supp. 2d 166, 185 (S.D.N.Y. 2010) ("[F]alsity and scienter in private securities fraud cases are generally strongly inferred from the same set of facts[.]").

Because many of the facts that rendered Defendants' statements fraudulent—irrespective of where those statements were made—occurred or arose in this District, Defendants have failed to show that this factor favors transfer.  At a minimum, where "events giving rise to the[e] litigation occurred" in both the plaintiff's and defendants' preferred venues, "this factor is neutral."  *See In re DBSI, Inc.*, Nos. 08-12687(PJW) *et al.*, 2014 U.S. Dist. LEXIS 135116, at *30 (D. Del. Sept. 25, 2014); *see also Heckmann*, 2010 U.S. Dist. LEXIS 106674, at *14 (finding that where "both parties' contentions rest on a reasonable basis . . . this factor is neutral.").

### d.    Defendants' Convenience as Indicated by Physical and Financial Condition Should Be Afforded No Weight

Defendants' convenience as indicated by physical and financial condition does not favor transfer.  Although Defendants claim that it would be "burdensome and disruptive" for Range Resources if a handful of its officers and other employees were required to spend a modest amount of time here in connection with this litigation, the Defendants have not even argued, let alone demonstrated, that they "lack[] the resources required to litigate" in this District.  *See Energy Transfer*, 2020 U.S. Dist. LEXIS 66867, at *17.  Rather, the opposite appears to be true: Range Resources is a well-capitalized corporation that reported nearly $2 billion in revenue for 2020 and has already retained top-tier litigation counsel in this Action.

Moreover, given Range Resources' oil and gas extraction activity in this District, the Company clearly has employees located in this District.  An Internet search discloses that Range Resources maintains a business address at Canonsburg, Washington County, Pennsylvania—*i.e.*, within this District.  Three of the six phone numbers listed on the "Contact" page of Range

10

Resources' website (for Media Relations, Response Center, and Government Relations) bear the area code "724," which serves Western Pennsylvania.[1]    There are clearly Range Resources employees within this District who will foreseeably be called upon to present evidence in this litigation, and it would be significantly more convenient for these Company employees to appear at trial in the Western District of Pennsylvania than in the Northern District of Texas.

### e.    Convenience of Witnesses Favors this District

Among the *Jumara* factors, it is the "convenience of [non-party] witnesses, but only to the extent they may actually be unavailable for trial in the forum . . . that is the more important factor and is accorded greater weight," since such witnesses, often critical to developing discovery and evidence, may be less likely to be willing to travel far in order to testify. *Energy Transfer*, 2020 U.S. Dist. LEXIS 66867, at *18 (quoting *New Century Fin., Inc. v. Oledix Techs., LLC*, No. H-13-0391, 2013 U.S. Dist. LEXIS 89350, at *17 (S.D. Tex. June 24, 2013)).  This factor does not favor transfer because Defendants have failed to demonstrate that any potential non-party witness will be unable or unwilling to travel to this District.  *See Amgen*, 513 F. Supp. 2d at 46 (convenience of witness did not favor transfer where defendant had "not shown that the proposed witnesses would be unavailable for trial in this forum").

Defendants identify the following witnesses who, they claim, would be inconvenienced by traveling to this District: (1) Fort Worth-based Range Resources officers and employees; and (2) the Company's independent auditor at Ernst & Young ("EY").  *See* Dkt. No. 27 at 7.  Yet Defendants' arguments are unavailing.

First, a corporation "is obligated to procure the attendance of its own employees for trial." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 199 (E.D. Pa. 2008).  *See also Energy Transfer*, 2020

---

[1] *See* https://www.rangeresources.com/contact-us/ (accessed on May 18, 2021).

11

U.S. Dist. LEXIS 66867, at *18-*19 (collecting cases); *Battle v. Wal-Mart Stores, Inc.*, No. 19-0945, 2019 U.S. Dist. LEXIS 180224, at *7 (E.D. Pa. Oct. 17, 2019) ("This determination is especially true considering that ***Plaintiff's*** witnesses, whom he does ***not*** employ, would be required to travel if the action were transferred.") (emphases added).  Therefore, any Range Resources employees residing in Fort Worth or otherwise outside of Western Pennsylvania will necessarily be available for trial in this District.

Second, Defendants have not established that transfer truly benefits the convenience of any non-party witnesses.  Defendants identify only Range Resources' independent auditors, EY, as a potential non-party witness.  But given EY's global operations—which include, according to EY's website, offices in Pittsburgh[2]—and considering that Range Resources pays EY for its services, it is hard to believe that EY would somehow be unavailable for trial in this District.  Having identified no other non-party witnesses who might be unavailable for trial here, Defendants have not met their burden as to this factor.

Also weighing against transfer is the fact that non-party witnesses, many of whom reside in this District or elsewhere in Pennsylvania, would suffer substantial inconvenience and/or be unavailable for trial if this Action were transferred.  *See Kiker v. SmithKline Beecham Corp.*, No. 14-1445, 2014 U.S. Dist. LEXIS 140106, at *18-*19 (E.D. Pa. Oct. 1, 2014) ("the convenience of key nonparty witnesses and, more importantly, the ability to compel them to testify in person at trial, is the main focus of this factor").  For example, Lead Plaintiff will likely seek trial testimony from non-party witnesses such as Pennsylvania DEP staff, with respect to what the DEP learned and communicated to Range Resources regarding its oil and gas extraction activities in Western Pennsylvania and the Company's compliance with applicable DEP regulations in this regard.

---

[2] *See* https://www.ey.com/en_us/locations/united-states, accessed on May 18, 2021.

Likewise, as discussed above, Range Resources employees located in Western Pennsylvania are also likely to possess material information and can be foreseeably anticipated to be called as witnesses. Transfer thus risks curtailing presentation of evidence from these non-party fact witnesses located outside of the Northern District of Texas's subpoena power, thereby unduly prejudicing the Lead Plaintiff. Defendants, having failed to show that litigating in this District would pose similar risks, have thus failed to meet their burden as to this factor.

### f.    The Location of Books and Records is of Neutral Weight

The location of documents "is only relevant when the books and records are unavailable for trial in the nonmovant's chosen forum." *Heckmann*, 2010 U.S. Dist. LEXIS 106674, at *18 (citing *Jumara*, 55 F.3d at 879). Defendants have not argued that these books and records likely to be at issue in this Action cannot be produced in this District. Indeed, Defendants acknowledge the "advent of modern technology" and the fact that the relevant documents in this Action are thus likely to be able to be produced electronically, and for these reasons concede that courts now generally "consider this factor to be neutral, or to have reduced importance." Dkt. No. 27 at 7-8. Defendants assert that "[t]o the extent there exist documents maintained in hard copy that will be difficult to transport or produce electronically, this factor favors transfer to Texas[,]" but conspicuously do not so much as cite even a speculative example of such a document. The location of books and records is therefore of neutral wight and thus does not support transfer.

### 2.    The Public Interest Factors Weigh Against Transfer

The *Jumara* public interest factors are "(1) the enforceability of the judgment; (2) practical considerations in conducting trial; (3) relative administrative difficulty in the two fora resulting from court congestion; (4) local interest in deciding local controversies at home; (5) public policies of the two fora; and (6) the court's familiarity with the applicable state law in diversity cases.

13

*Advanced Fluid*, 2014 U.S. Dist. LEXIS 62799, at \*52-\*53.  Like the private factors, the public interest factors also favor maintaining venue in this District.

Regarding the practical considerations of conducting trial, as shown above, there are significant third-party witnesses who may be compelled to appear at a trial in this District, but could not be compelled to appear in the Northern District of Texas.  By contrast, Range Resources' officers and other employees in Fort Worth must appear wherever Range Resources litigates. Accordingly, the Court's subpoena power will make trial in the Western District of Pennsylvania easier and more expeditious than trial in the Northern District of Texas, and this factor does not favor transfer.  *See*, *e.g.*, *Leatherman v. Cabot Oil & Gas Corp.*, No. 12-3783, 2013 U.S. Dist. LEXIS 45297, at \*10 (E.D. Pa. Mar. 29, 2014) (practical considerations favored venue where relevant accident site and witnesses were located).

Moreover, the relative court congestion as between the Western District of Pennsylvania and the Northern District of Texas weighs against transfer.  *See Moore v. St. Paul Cos., Inc.*, No. 94-1329, 1995 U.S. Dist. LEXIS 177, at \*36 (D.N.J. Jan. 3, 1995) (factor "not decisive, but may be given some weight").  The following chart reflects data from the December 2020 Report on Federal Court Management Statistics, regarding the two Districts at issue:

| | **Western District of Pennsylvania** | **Northern District of Texas** |
|---|---|---|
| **Total Actions Per Judgeship** | 383 | 709 |
| **Total Actions Pending** | 370 | 1,179 |
| **Numerical Standings:** | | |
| *Total Filings* | 64th | 11th |
| *Weighted Filings* | 58th | 11th |
| *Pending Cases* | 76th | 8th |

As between the two fora, then, the Western District of Pennsylvania is far less congested than the Northern District of Texas by any relevant metric.

14

The "local interest" factor, likewise, does not support transfer. Contrary to Defendants' argument (*see* Dkt. No. 27 at 10), this District clearly has an interest in the events underlying this case. The Pennsylvania law and DEP regulations that Defendants are alleged to have violated govern the extraction of oil and natural gas resources within the Commonwealth. The Pennsylvania legislature and the DEP enacted these laws and regulations in order to protect Pennsylvania residents from safety and health risks arising from unregulated oil and gas extraction activity. As the Complaint alleges, Pennsylvania DEP regulations provide that if a well is not viable for use within a specific timeframe, then the well should be classified as "abandoned" and must be plugged, because ***improperly classified wells present serious health, safety, and environmental concerns to the residents of Pennsylvania***. *See* Complaint ¶¶ 2-3, 20-21. There is thus a strong local interest in the adjudication of this lawsuit in this District. *See*, *e.g.*, *Battle*, 2019 U.S. Dist. LEXIS 180224, at *9 ("Considering Defendants' retail presence within the Eastern District, this Court is not persuaded by Defendants' argument that the citizens and the courts of this District have no interest in this action.").

Finally, because a judgement in either the Western District of Pennsylvania or the Northern District of Texas would be enforceable, that factor is neutral.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully submits that the Court should deny Defendants' transfer motion.

Dated: May 18, 2021

Respectfully submitted,

/s/ Alfred G. Yates, Jr.
Alfred G. Yates, Jr. (PA17419)
Gerald L. Rutledge (PA62027)
LAW OFFICE OF
ALFRED G. YATES, JR., P.C.
1575 McFarland Road, Suite 305
Pittsburgh, Pennsylvania 15216

15

Telephone: (412) 391-5164
Facsimile: (412) 471-1033
yateslaw@aol.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Plaintiff Howard Jacobowitz*

16