UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD JACOBOWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RANGE RESOURCES CORPORATION, JEFFREY L. VENTURA, MARK S. SCUCCHI, and ROGER S. MANNY,<br><br>    Defendants. | Case No. 2:21-cv-301 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER VENUE
<u>TO THE NORTHERN DISTRICT OF TEXAS</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ..........................................................................................................................1

I.     The Private and Public Interest Factors Favor Transfer, and Plaintiff's
Counterarguments Fail on Each.....................................................................................3

CONCLUSION..............................................................................................................................9

**TABLE OF AUTHORITIES**

Page

**CASES**

*Battle v. Wal-Mart Stores, Inc.*, 2019 WL 5290540 (E.D. Pa. Oct. 17, 2019) ..........................8

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) .....................................2, 4, 6

*Garity v. Tetraphase Pharms. Inc.*,
    2019 WL 2314691 (S.D.N.Y. May 30, 2019) ........................................................1, 2, 6, 7

*High River Ltd. P'ship v. Mylan Lab'ys*, 353 F. Supp. 2d 487 (M.D. Pa. 2005)......................2

*Huang v. Sonus Networks, Inc.*, 2016 WL 1090436 (D.N.J. Mar. 21, 2016) ....................2, 3, 4

*Leatherman v. Cabot Oil & Gas Corporation*,
    2013 U.S. Dist. LEXIS 45297 (E.D. Pa. Mar. 29, 2014)......................................................7

*In re Amkor Tech., Inc. Sec. Litig.*,
    2006 WL 3857488 (E.D. Pa. Dec. 28, 2006)............................................................. *passim*

*In re DBSI, Inc.*, 2014 WL 4828882 (D. Del. Sept. 25, 2014) ...................................................2

*Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*,
    2020 WL 1808270 (W.D. Pa. Apr. 9, 2020)...........................................................1, 2, 3, 6

*Sovereign Bank F.S.B. v. Rochester Community Sav. Bank*,
    907 F. Supp. 123 (E.D. Pa. 1995) ...................................................................................1, 3

*Truk Int'l Fund, LP v. Wehlmann*, 2009 WL 1456650 (S.D.N.Y. May 20, 2009)....................2

*Wojtunik v. Kealy*, 2003 WL 22006240 (E.D. Pa. Aug. 26, 2003).................................. *passim*

**STATUTES**

28 U.S.C. § 1404(a) .................................................................................................................1

**INTRODUCTION**

Every one of Range's securities filings at issue were prepared, certified, and approved from Range's headquarters in Fort Worth. The Individual Defendants all reside in the Northern District of Texas and work in the Fort Worth area. Decl. ¶¶ 5–8. The Range employees involved in Range's securities filings, including Range's accounting and investor-relations employees, are located in Fort Worth. Decl. ¶¶ 10, 12, 13. Range's auditors are in Fort Worth. Dec. ¶ 14. Litigating in the Northern District of Texas will be substantially more convenient, and less disruptive, for Range, and Plaintiff offers no reason why he cannot litigate his claims in that forum.

Plaintiff argues that the law favors plaintiff's choice of forum. But in securities class actions like this one, where the plaintiff seeks to represent a nationwide class based on federal securities laws, this is simply not correct. Plaintiff's argument to the contrary is based on a case— *Sovereign Bank*—that was expressly rejected in *In re Amkor Technology*, which concluded that the "best guidance" comes from "the strong line of cases rejecting deference to the plaintiff's choice of forum in class and derivative actions." *In re Amkor Tech., Inc. Sec. Litig.*, 2006 WL 3857488, at *4 (E.D. Pa. Dec. 28, 2006) (transferring securities suit to defendant's headquarters); *see also Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*, 2020 WL 1808270, at *6 (W.D. Pa. Apr. 9, 2020) (following *Amkor* and transferring derivative and ERISA suit to defendants' headquarters). That is one reason why, in securities cases like this, "transfers to the issuer's home district are routine as a practical matter." *Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *4 (S.D.N.Y. May 30, 2019) (internal quotation marks and citation omitted).

Contrary to Plaintiff's repeated suggestion, Defendants do not ask the Court to "effectively discard th[e] multi-factor inquiry" under section 1404(a). Opp. 6. Defendants instead point out that applying the multi-factor inquiry here weighs in favor of transfer, as courts around the country

1

have concluded after conducting the same inquiry in similar securities class actions. *See In re Amkor Tech., Inc. Sec. Litig.*, 2006 WL 3857488, at *5 (transferring securities suit to defendant's headquarters); *Osborne*, 2020 WL 1808270, at *7 (W.D. Pa. Apr. 9, 2020) (derivative suit); *Huang v. Sonus Networks, Inc.*, 2016 WL 1090436, at *3 (D.N.J. Mar. 21, 2016) (securities suit); *High River Ltd. P'ship v. Mylan Lab'ys*, 353 F. Supp. 2d 487, 498 (M.D. Pa. 2005) (securities suit); *Wojtunik v. Kealy*, 2003 WL 22006240, at *8 (E.D. Pa. Aug. 26, 2003) (securities suit); *see also, e.g.*, *Garity*, 2019 WL 2314691, at *5 (securities suit); *Truk Int'l Fund, LP v. Wehlmann*, 2009 WL 1456650, at *6 (S.D.N.Y. May 20, 2009) (securities suit). Plaintiff's Opposition entirely ignores these cases, each of which transfers a securities or class suit to the defendant company's headquarters after a thorough analysis of the transfer factors. And as for the handful of securities cases Plaintiff does cite, two of those cases *granted* transfer to the location of defendants' corporate headquarters. Opp. 7, 10; *see Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998); *In re DBSI, Inc.*, 2014 WL 4828882 (D. Del. Sept. 25, 2014).

Here, too, applying all the private and public interest factors weighs in favor of transfer. The thrust of Plaintiff's argument to the contrary is that the investigation they claim is at issue here arose in Pennsylvania. But Plaintiff has *not* brought a suit under Pennsylvania law, nor does he seek to recover for injuries unique to Pennsylvania residents. Rather, the suit alleges that Range "made false and/or misleading statements and/or failed to disclose" information related to the investigation in its securities filings, and that the Individual Defendants falsely certified those securities filings. Compl. ¶ 4. The securities filings, drafting, disclosures, certifications, relevant accounting, and audit work all occurred at Range's headquarters in Texas. Even when the events underlying a securities suit occurred in a different jurisdiction, the balance of transfer factors generally favors transfer to the corporate headquarters; *Osborne*, *In re Amkor Tech.*, *Wojtunik*, and

*Huang* all transferred class suits to the corporate headquarters despite substantial corporate operations in the transferor forum.  Mot. 6.  Plaintiff offers no response to these cases, and transfer is likewise warranted here.

### I.     THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER, AND PLAINTIFF'S COUNTERARGUMNETS FAIL ON EACH.

Plaintiffs do not disagree that this case could have been brought in Northern District of Texas, Opp. 6, where Range's headquarters are and where all of the Individual Defendants reside, Decl. ¶¶ 5–8.  This requirement for transfer is indisputably satisfied.  In addition, the balance of transfer factors favors transfer to the Northern District of Texas.

**Plaintiff's Venue Preference.**  Securities class actions are an exception to the ordinary rule that a plaintiff's venue preference should be accorded weight; instead, a plaintiff's choice is "entitled to little weight" when he brings federal securities claims on behalf of a putative nationwide class. Mot. 9; *see*, *e.g.*, *Osborne*, 2020 WL 1808270, at *6.  Plaintiffs ignore this, and instead attempt to resurrect outdated and rejected case law to the contrary.  Opp. 7.  Plaintiff's lead case, *Sovereign Bank F.S.B. v. Rochester Community Sav. Bank*, 907 F. Supp. 123 (E.D. Pa. 1995), was rejected by the court when another securities class-action plaintiff attempted to rely on the exact same language in opposing transfer.  *In re Amkor Tech.*, 2006 WL 3857488, at *4.  Instead, the *Amkor* court found that plaintiff's choice of the Eastern District "should not receive great deference," noting that none of the lead plaintiffs could "claim the Eastern District as their home," and plaintiff alleged that, because the company's stock was publicly traded, the class would contain plaintiffs nationwide. *In re Amkor Tech.*, 2006 WL 3857488, at *4; *accord Osborne*, 2020 WL 1808270, at *6 (following *Amkor* and transferring case out of this District).  The same is true here.  *See* Opp. 8–9 (conceding no plaintiff has an apparent connection to the District); Compl. ¶ 10 (alleging "hundreds, if not thousands, of investors in Range Resources' common stock located

3

within the U.S."). Plaintiff's own case, *Berman*, adopts this rule, too: "In a large securities case like this, where there are multiple claimants . . . , the principle favoring plaintiff's choice of forum carries far less weight." 30 F. Supp. 2d at 659.[1]

**Defendant's Venue Preference.** Defendants prefer to litigate in the Northern District of Texas for convenience, and to minimize disruptions for employees and Individual Defendants. Mot. 8–9. Plaintiff argues that such disruptions are not enough to warrant transfer. Opp. 8. But Plaintiff simply ignores the relevant case law, which states that, in securities class actions, it is "clearly . . . more convenient" to hear a case where "senior officers of the corporation would be available to testify without causing disruption to their daily management." *In re Amkor Techs.*, 2006 WL 3857488, at *4. Plaintiff has chosen to name Range's CEO and CFO as defendants, and if Plaintiff's claims survive, they may require the attention of other senior officers and accountants. He must accordingly accept a venue that avoids unnecessarily burdening Range and its officers.

Plaintiff also concedes that none of the lead plaintiff applicants has any apparent connection to Pennsylvania. Opp. 8–9. This admission also counsels in favor of transfer, because a plaintiff's choice of forum gets even less weight when he sues outside of his home district. *In re Amkor Tech.*, 2006 WL 3857488, at *3. Plaintiff has sued four defendants, each of whom resides in the Northern District of Texas; Defendants' preference weighs in favor of transfer. *Huang*, 2016 WL 1090436, at *2.[2]

---

[1] Plaintiff also quotes *Berman* to argue that his choice of forum should receive deference because there is a supposed connection between Pennsylvania and the underlying events. Opp. 7. But the *Berman* court *transferred* the securities suit at issue for precisely that reason, noting that the "locus of operative facts" was where the defendant was headquartered, and "the statements that form the basis of plaintiff's claims originated there." *Berman*, 30 F. Supp. 2d at 658. The same is true here.

[2] Nor does Plaintiff dispute (or even respond to) the fact that each lead plaintiff applicant has retained putative lead counsel not from Pennsylvania, and instead from national firms that litigate nationwide. Mot. 9.

**Where the Claims Arose.**  Plaintiff's federal securities claims arose in Fort Worth, where the alleged misstatements were made and approved.  Mot. 5–6; *supra*, pp. 1–2.  Plaintiff even concedes that this suit "*arises from Defendants' false or misleading statements* regarding compliance with Pennsylvania law and regulations."  Opp. 9 (emphasis added).  As several courts have recognized, even when alleged misstatements deal with business operations in one forum, transfer to corporate headquarters is appropriate.  Mot. 6; *supra*, p. 2.

Plaintiff admits that the "alleged misstatements" "may have occurred in Fort Worth," but asserts this is only a "single element" of his claim.  Opp. 9.  But courts look to where the alleged misstatements were made as the litmus for where securities claims arose—so that fact alone satisfies this factor.  *E.g.*, *In re Amkor Tech.*, 2006 WL 3857488, at *5; *Wojtunik*, 2003 WL 22006240, at *4.  Moreover, the other elements of Plaintiff's securities claim also have their center of gravity in Fort Worth.  The key liability question is not whether Range complied with Pennsylvania DEP regulations, but whether it "believe[d]" it complied, Compl. ¶ 26, how its securities filings reported that belief, *id.* ¶ 26, how it drafted its statements and disclosed information regarding ongoing investigations, *id.* ¶ 31, whether its accountants believed investigations would have a "material adverse effect" on Range's financial position or AROs, *id.* ¶¶ 22, 31, and whether the Individual Defendants correctly certified compliance with SOX, *id.* ¶ 23.  Scienter, too, will turn on the knowledge and intent of the Individual Defendants and employees in Fort Worth, where all the relevant decisions were made.  Mot. 5–8.

**Convenience.**  Because the Defendants, witnesses, documents, and facts are all in Fort Worth, the balance of convenience favors litigating this case there.  Mot. 7–9.  Plaintiff suggests this factor turns on whether Defendants have the financial resources to litigate in Pennsylvania, but that is not dispositive: "though Defendants have the financial resources to litigate in this

district, their potential inconvenience is more than 'minimal'" because a "trial may disrupt [the company]'s business operations since some individual defendants are managing officers." *Garity*, 2019 WL 2314691, at *4. The fact that Range has some "employees within this District," *see* Opp. 11, is a red herring; what matters is the location of *relevant* employees, who are all in Fort Worth. Mot. 7; Decl. ¶¶ 10, 12, 13, 16.

       **Convenience of Witnesses.** Range's independent auditors are in Ernst & Young's Fort Worth office. Decl. ¶ 14. Their presence in the Northern District of Texas favors transfer to that forum. *Osborne*, 2020 WL 1808270, at *9 (transferring suit based on location of auditors); *Wojtunik*, 2003 WL 22006240, at *10 (same). Plaintiff posits that because Ernst & Young has an office in Pittsburgh, transfer is not necessary. Opp. 12. But Plaintiff's own case law squarely rejected the identical argument in transferring a securities case. *See Berman*, 30 F. Supp. at 658 ("While Ernst & Young as a corporate entity might be subject to a subpoena in New York by virtue of its New York offices, the individuals who actually performed Informix's audit work, who reside in California, might not be subject to compulsory process."). Here, Range's financial statements were audited in Fort Worth. Decl. ¶ 14.

       Plaintiff suggests he may wish to seek testimony from other witnesses in Pennsylvania, including unspecified Pennsylvania DEP staff. Opp. 12. But such testimony would be irrelevant and, in any event, any information about "what the DEP learned and communicated to Range Resources" will necessarily be available from Range's own files. Opp. 12. That some area codes on Range's website are associated with Pennsylvania, or that there are some Range Resources employees within the District, Opp. 11, is beside the point: what matters is where the *relevant*

employees and witnesses are—and all are located in Texas.  Mot. 7; Decl. ¶¶ 10, 12, 13, 16.[3]

Indeed, as Plaintiff observes, Range's employees in Pennsylvania can be compelled to attend any

proceedings in Texas, because they are affiliated with a party to the suit.  Opp. 11–12.

**Books and records.**  The factor, though often not dispositive, "weigh[s] in favor of transfer

to the corporate issuer's home forum in securities class actions."  *Garity*, 2019 WL 2314691, at

\*3; Mot. 7–8.  Plaintiff doesn't seriously dispute this, but argues the factor is neutral.  Opp. 13.

**Public interest factors.**  For all the reasons Defendants already explained, the public-

interest factors likewise favor transfer.  Mot. 10.

Plaintiff first argues that the practical considerations of conducting trial favors

Pennsylvania, citing *Leatherman v. Cabot Oil & Gas Corporation*, 2013 U.S. Dist. LEXIS 45297

(E.D. Pa. Mar. 29, 2014), and explaining that "practical considerations favored venue where

relevant accident site and witnesses were located," Opp. 14.  Indeed, *Leatherman*—a personal

injury case, not a securities case—granted transfer to where the claims arose.  Here, that is Fort

Worth, where the allegedly misleading statements were made.

Plaintiff also argues that the relative docket congestion in this District and the Northern

District of Texas tips against transfer.  Opp. 14.  But even where the transferee court is more

congested, the remaining factors in securities cases often still compel transfer to corporate

headquarters.  *See Wojtunik*, 2003 WL 22006240, at \*11 (transferring while acknowledging that

the transferee forum was more congested).

Finally, Plaintiff argues that Pennsylvania has a local interest in this suit.  Opp. 15.  This

contention is based again on the erroneous implication that Plaintiff has brought something other

---

[3] Plaintiff flunks even his invented "area code" transfer factor, because the number for the investor relations department—which drafts and oversees Range's securities filings—has an 817 area code, which is for Fort Worth.  *See* https://www.rangeresources.com/contact-us/; Decl. ¶ 12.

than a nationwide securities class action. For example, Plaintiff suggests that DEP's "laws and regulations to protect Pennsylvania residents"—but Plaintiff has not sued for a violation of those laws and regulations, nor does it seek to recover for any injury unique to Pennsylvania residents. Plaintiff's citation to *Battle v. Wal-Mart Stores, Inc.*, 2019 WL 5290540 (E.D. Pa. Oct. 17, 2019), proves the point by providing a sharp contrast: that case was a slip-and-fall personal injury case brought by a resident of the Eastern District to remedy specific injuries incurred on premises elsewhere in Pennsylvania. Here, by contrast, a non-Pennsylvania plaintiff has sued a Texas-based company and its Texas-based executives for alleged misstatements in securities filings drafted, filed, and certified in Texas. Plaintiff seeks to maintain a nationwide class action, and recover damages for economic injury allegedly imposed upon the class as a whole. The facts here weigh in favor of vindicating Texas's local interest by transferring the suit. *See Wojtunik*, 2003 WL 22006240, at *11 (transferring securities suit to Arizona because "Arizona has a far greater interest in this case based upon the fact that Wojtunik's claims focus on Defendants['] actions and transactions within Arizona in the representations Defendants made, both written and oral.").

## CONCLUSION

This Court should transfer this case to the Northern District of Texas.

Dated: May 25, 2021                    WILLIAMS & CONNOLLY LLP

                                       */s/ Zachary K. Warren*_____
                                       Amanda M. MacDonald
                                             (admission pending)
                                       Zachary K. Warren (Bar No. 1015292)
                                       Michael J. Mestitz
                                             (admission pending)
                                       725 Twelfth Street, N.W.
                                       Washington, DC 20005
                                       (202) 434-5000
                                       (202) 434-5029
                                       amacdonald@wc.com
                                       zwarren@wc.com
                                       mmestitz@wc.com

9