UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOWARD JACOBOWITZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RANGE RESOURCES CORPORATION, JEFFREY L. VENTURA, MARK S. SCUCCHI, ROGER S. MANNY, and DORI A. GINN<br><br>Defendants. | Case No. No. 4:21-cv-00751-P<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Lead Plaintiff Hugh Melnick ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Range Resources Corporation ("Range Resources" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Range Resources common stock between April 29, 2016 and February 10, 2021, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Range Resources operates as an independent natural gas, natural gas liquids ("NGLs"), and oil company in the U.S.  The Company and its subsidiary, Range Resources – Appalachia, LLC, engage in the exploration, development, and acquisition of natural gas and oil properties in, among other U.S. regions, Fayette County, Pennsylvania.  As of December 31, 2019, the Company purportedly owned and operated 1,272 net producing wells in the Appalachian region, including Pennsylvania.  Under Pennsylvania regulations, Range Resources must apply for the correct designation of the status of its wells with local regulators.  These status designations include, for example, "active," "inactive," or "abandoned."

3.      Pennsylvania's Department of Environmental Protection (the "DEP") enforces the regulations governing the correct designation of a well's status.  According to the DEP, "inactive" wells must be viable for future use within a certain time frame.  If a well is not viable for future use within that time frame, then the well should be classified as "abandoned" and must be plugged.

4.      Despite their professed adherence to these relevant regulations, and unbeknownst to investors, Defendants improperly designated *forty-two* wells as "inactive" from July 16, 2013

through October 11, 2017, though these wells qualified as abandoned and should have been plugged.

5.      Improperly classified wells present serious health, safety, and environmental concerns.  Indeed, according to the DEP, "Unplugged abandoned wells can be an extreme hazard to the health and safety of people and the environment. Leaking wells can contribute to air, water, and soil contamination."

6.      The DEP became aware of Defendants' machinations when the Company applied for inactive status for a well referred to as Shirocky Unit #1, Permit No. 051-20829 ("Shirocky #1"), which application indicated that "significant reserves remain in place and I plan to return the well to production."  The application went so far as to specify that the well would be returned to use in September 2022.  However, along with its application, the Company inadvertently included an internal memorandum from Douglas Tabar to the "NWPA Team," which made clear that Shirocky #1 had "last produced to sales in December 2016," "had become incapable of economic production," and "not capable of gas sales going forward."  Nevertheless, in this internal memorandum, Mr. Tabar requested that the NWPA Team "file for Inactive Status for this well," even though according to regulations, it should have been classified as "abandoned" and plugged.

7.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Range Resources had been improperly designating wells in Pennsylvania as inactive that qualified as abandoned since at least 2013; (ii) Range Resources failed to "plug" these abandoned wells in accordance with applicable regulations, thus creating serious health, safety, and environmental risks; (iii) the foregoing conduct subjected the Company to reputational risk, a heightened risk of

regulatory investigation and enforcement, as well as artificially decreased the Company's periodically reported cost estimates to plug and abandon its wells; (iv) the Company was the subject of a DEP investigation from sometime between September 2017 to January 2021 for improperly designating the status of its wells; (v) the DEP investigation foreseeably would and ultimately did lead to the Company incurring regulatory fines; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

8.      On February 10, 2021, shortly before the close of the trading session, the DEP issued a press release announcing that Range Resources had paid a $294,000 civil penalty to the agency on January 8, 2021 for violating the 2012 Oil and Gas Act.  The DEP began investigating the Company in 2017 after the agency found conflicting and inaccurate information in Range Resource's documents regarding Shirocky #1.   After subpoenaing Range Resources for information on other wells the Company had requested to designate as inactive, the DEP found that "between Tuesday, July 16, 2013, and Monday, October 11, 2017, 42 of Range Resources' conventional wells were placed on inactive status but were never used again" and that several of the Company's "wells had not been in use for 12 months at the time Range Resources submitted its applications for inactive status," even though "after 12 consecutive months of no production, the well would be classified as abandoned and must be plugged."  In addition to paying the DEP's civil penalty, Range Resources was ultimately required to plug the wells the agency identified as having no viable future use to remediate the issue.

9.      The following day, as the market fully digested the significance of the DEP's announcement, Range Resources' stock price fell $0.62 per share, or 6.08%, from its closing price on February 10, 2021, to close at $9.57 per share on February 11, 2021.

10.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

13.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), as substantial acts in furtherance of the alleged wrongdoing took place in this Judicial District, and the alleged misstatements entered and the subsequent damages took place in this Judicial District.  Range Resource's principal executive offices are located at 100 Throckmorton Street, Suite 1200, Fort Worth, Texas 76102, which is part of this Judicial District.  Moreover, pursuant to Range Resources' most recent annual report on Form 10-K, as of February 19, 2021, there were 258,570,848 shares of the Company's common stock outstanding.  Range Resources' common stock trades on the New York Stock Exchange ("NYSE").  Accordingly, there are presumably hundreds, if not thousands, of investors in Range Resources' common stock located within the U.S., some of whom undoubtedly reside in this Judicial District.

14.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited

to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

15.    Plaintiff, as set forth in the certification previously filed in this action, acquired Range Resources securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

16.    Defendant Range Resources is a Delaware corporation with principal executive offices located at 100 Throckmorton Street, Suite 1200, Fort Worth, Texas 76102.  The Company's common stock trades in an efficient market on the NYSE under the ticker symbol "RRC."

17.    Defendant Jeffrey L. Ventura ("Ventura") has served as Range Resources' Chief Executive Officer and President at all relevant times.

18.    Defendant Mark S. Scucchi ("Scucchi") has served as Range Resources' Senior Vice President – Chief Financial Officer ("CFO") since May 16, 2018.

19.    Defendant Roger S. Manny ("Manny") served as Range Resources' CFO from before the start of the Class Period until May 16, 2018.

20.    Defendant Dori A. Ginn ("Ginn") served a Range Resources' Senior Vice President, Controller and Principal Accounting Officers at all relevant times.

21.    Defendants Ventura, Scucchi, Manny, and Ginn are sometimes referred to herein as the "Individual Defendants."

22.    The Individual Defendants possessed the power and authority to control the contents of Range Resources' SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Range Resources' SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability

and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Range Resources, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

23.     Range Resources and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

24.     Range Resources operates as an independent natural gas, NGLs, and oil company in the U.S.  The Company and its subsidiary, Range Resources – Appalachia, LLC, engage in the exploration, development, and acquisition of natural gas and oil properties in, among other U.S. regions, Fayette County, Pennsylvania.  As of December 31, 2019, the Company purportedly owned and operated 1,272 net producing wells in the Appalachian region, including Pennsylvania. Under Pennsylvania regulations, Range Resources must apply for the correct designation of the status of its wells with local regulators.  These status designations include, for example, "active," "inactive," or "abandoned."

25.     The DEP enforces the regulations governing the correct designation of a well's status.  According to the DEP, "inactive" wells must be viable for future use within a certain time frame.  If a well is not viable for future use within that time frame, then the well should be classified as "abandoned" and must be plugged.  Improperly classified wells present serious health, safety,

and environmental concerns, further highlighting the need for the correct designation of a well's status.

<u>**Applicable Regulations**</u>

26.    Range Resources is subject to the Pennsylvania Code, 25 Pa. Code §78.102, which governs the "Criteria for approval of inactive status." 25 Pa. Code §78.102(4) provides that to "obtain inactive status":

> (4) ***The applicant shall certify that the well is of future utility and shall present a viable plan for utilizing the well within a reasonable time.*** In addition to providing information to demonstrate compliance with paragraphs (1) and (2), the application for inactive status shall include the following:
>
> (i)  A plan showing when the well will be used.
>
> (ii)  A certification identifying that one of the following applies:
>
> (A)   Significant reserves remain in place and the operator plans to produce the well.
>
> (B)  The well will be used as a disposal well.
>
> (C)  The well will be used as a storage well.
>
> (D)  The well will be used as an observation well.
>
> (E)  The well will be used as a secondary or tertiary recovery injection well or that the well will be used for other purposes specified by the applicant.
>
> (iii)   Other information necessary for the Department to make a determination on inactive status.

(Emphasis added).

27.    Range Resources is also subject to Pennsylvania Statutes Title 58 Pa. C.S. Oil and Gas §§ 3201-3274 ("2012 Oil and Gas Act"). § 3203 of the 2012 Oil and Gas Act governs provides that a well "that has not been used to produce, extract or inject any gas, petroleum or other liquid within the preceding 12 months" qualifies as an "abandoned well."  According to § 3214(a)(3), a well can only be deemed "inactive," if, *inter alia,* "the operator anticipates construction of a

pipeline or ***future use of the well*** for primary or enhanced recovery, gas storage, approved disposal or other appropriate uses ***related to oil and gas well production***…" (emphasis added).

28.    According to §3220(a) of the 2012 Oil and Gas Act, "Upon abandoning a well, ***the owner or operator shall plug it*** in the manner prescribed by regulation of the department…" (emphasis added).

29.    Misclassifying a well as "inactive" when it is in fact "abandoned," and failing to properly plug that well, constitute "unlawful conduct" under 58 Pa. C.S. § 3259 and subjects the violator to a civil penalty pursuant to 58 Pa. C.S. § 3256.

<u>**Defendants Misclassify Forty-Two of Range Resources' Wells as "Inactive"**</u>

30.    Plugging abandoned wells is a costly endeavor, according to Confidential Witness ("CW") 1[1], CW2[2], and CW3[3].  Indeed, the Company had annual expenses for "abandonment and impairment of unproved properties" ranging from $30.1 million in 2016 to $1.2 billion in 2019.

31.    CW3 made clear that the Company had an additional incentive to classify wells as inactive rather than abandoned.  According to CW3, the Company bought up "tons of cheap leases" that are now worth exponentially more, and wanted to keep wells classified as inactive for as long as possible because once a well is plugged and filled with cement, the Company loses its leasehold and would have to start from scratch with a costly new lease and equipment to use that land again. CW3 explained that the Company prefers to keep wells classified as inactive in case at some point in the future there is "new drilling technology or better geology mapping."  CW4[4], who had the

---

[1] CW1 worked as a Completions Consultant for Range Resources from April 2018 to September 2019, working in Marcellus & Utica Frac Supervision, Wireline Supervision and Coil & Workover Supervision.

[2] CW2 worked as a Senior Regulatory Compliance Analyst from August 2017 until August 2019, then received a promotion to Senior Regulatory Compliance Specialist, and held that position until February 2020.

[3] CW3 worked for the Company from January 2012-December 2017 as a Regulatory Compliance Specialist.

[4] CW4 worked for Range Resource from June 2017 until February 2018 as a Senior Completions/Production Engineer.

responsibility of "making the call" to ask the Company for money to plug and abandon inactive wells that could no longer produce, confirmed the Company's incentive to wait to classify a well as abandoned in order to defer costly expenses.  CW4 stated that when asking to plug and abandon many wells at once, the Company would say no because they would be "spending money and getting nothing out of it."  CW2 observed that the Company classified wells in a way that made it look like they had more producing wells then they did.

32.     Indeed, Defendants improperly designated **_42_** wells in Pennsylvania as "inactive" from July 16, 2013 through October 11, 2017, though these wells qualified as abandoned and should have been plugged.  According to the DEP, "Unplugged abandoned wells can be an extreme hazard to the health and safety of people and the environment. Leaking wells can contribute to air, water, and soil contamination."

33.     The DEP became aware of Defendants' machinations when the Company applied for inactive status for a well referred to as Shirocky Unit #1, Permit No. 051-20829 ("Shirocky #1"), which application indicated that "significant reserves remain in place and I plan to return the well to production."  The application went so far as to specify that the well would be returned to use in September 2022.  The Company further represented that the application complied with 25 Pa. Code § 78.102, and stated, "Range Resources certifies that this well is of future utility and that significant reserves remain in place that Range intends to produce."

34.     However, along with its application, the Company inadvertently included an internal memorandum from Douglas Tabar to the "NWPA Team," which made clear that Shirocky #1 had "last produced to sales in December 2016," "had become incapable of economic production," and "not capable of gas sales going forward."  Nevertheless, in this internal

memorandum, Mr. Tabar requested that the NWPA Team "file for Inactive Status for this well," even though according to regulations, it should have been classified as "abandoned" and plugged.

35.     As a result, the DEP issued a subpoena to Range Resources on November 3, 2017 seeking documents relating to wells for which the Company had previously requested inactive status.  The DEP concluded based on documents produced pursuant to the subpoena that *forty-two* wells the Company had classified as inactive had no "future utility or significant reserves remaining in place."  Indeed, some had not produced oil or natural gas for twelve consecutive months at the time the Company applied for their inactive status.  All *forty-two* wells should have been classified as abandoned and plugged.

36.     The DEP found that Range Resources had violated 58 Pa. C.S. §3259 for failing to meet the requirements of 25 Pa. Code §78.102(4) and 58 Pa. C.S. §3214(a)(3).  On January 7, 2021, the Company signed a CACP[5] with the DEP *admitting to their misconduct* ("Range agrees that the Findings in Paragraphs A through H, K and M, above are true and correct and, in any matter or proceeding involving Range and the Department, Range shall not challenge the accuracy or validity of these Findings").  In accordance with 58 Pa. C.S. §3256, the DEP imposed a monetary penalty of $294,000.  At no point during the Class Period, *even after execution of the CACP*, did Defendants reveal their improper designation of at least 42 of their wells, did not reveal the DEP subpoena, the DEP's findings, nor the imposition of a DEP civil penalty.

37.     CW1 made clear that Defendant Ventura received reports on the status of each well, including which wells were producing and which wells were shut down.  CW4 corroborated Defendant Ventura's involvement, explaining that he was "heavily involved in the operations in PA."  CW1 stated that reports went out every 12 hours to corporate showing well field levels.

---

[5] https://files.dep.state.pa.us/newsroom/NewsroomPortalFiles/Range_Executed_CACP.pdf

According to CW1, Range Resource has a history of environmental regulatory violations. Previously, the Company pleaded no contest to criminal charges of negligent oversight of two well site in Washington County.  CW1 explained that the Grand Jury found that Range Resources had knowingly covered up leaking problems with those wells.  CW5[6] corroborated the Company's history of yearly DEP and government investigations throughout the years of CW5s employment.

### Materially False and Misleading Statements Issued During the Class Period

38.     In each 10-K filed during the Class Period, Defendants represented that the Company "adopted a Code of Ethics that applies to our principal executive officer, principal financial officer, principal accounting officer, or persons performing similar functions (as well as our directors and all other employees)."  Regarding "Compliance With the Law," the Code[7] describes comprehensive guidelines and provides:

> It is the policy of Range that we will conduct business in accordance with all applicable federal, state and local laws and regulations, as well as applicable laws and regulations of foreign jurisdictions, and in a manner that will always reflect a high standard of ethics. The laws and regulations applicable to Range are far reaching and complex. Compliance with the law does not comprise our entire ethical responsibility; rather, it is a minimum, essential condition for performance of our duties.

> Regarding "Environmental Compliance," the Code states, *inter alia*:

> As set forth in the previous section, it is the policy of Range to conduct business in compliance with all applicable laws and regulations, including but not limited to, those relating to environmental protection and regulatory requirements.  In addition to compliance with these requirements, Range is committed to being a steward of the environment in all areas in which we operate.  All Range employees, regardless of their role, are expected to perform their assigned duties within the scope of the law and in compliance with environmental laws and regulations.

---

[6] CW5 worked at Range Resources from June 2008-Feb. 2016 as a Senior Landman Operations and from July 2014-Feb. 2016 in Midstream/Pipeline.

[7] https://www.rangeresources.com/about-us/corporate-governance/code-of-business-conduct-ethics/

39.     The foregoing statements were false and/or misleading given that throughout the Class Period, Defendants did not adhere to the Code due to their undisclosed violations of 58 Pa. C.S. §3259 and failure to meet the requirements of 25 Pa. Code §78.102(4) and 58 Pa. C.S. §3214(a)(3).  Specifically, Defendants misled investors and failed to disclose that: (i) Range Resources had been improperly designating wells in Pennsylvania as inactive that qualified as abandoned since at least 2013; (ii) Range Resources failed to "plug" these abandoned wells in accordance with applicable regulations, thus creating serious health, safety, and environmental risks; (iii) the foregoing conduct subjected the Company to reputational risk, a heightened risk of regulatory investigation and enforcement, as well as artificially decreased the Company's periodically reported cost estimates to plug and abandon its wells; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

40.     The Company also represented on its website throughout the Class Period that its "core values- performance, innovation integrity and transparency- guide us in the work we do every day as a natural gas industry leader.  These values reflect how we operate as a company and are deeply rooted in our commitment to improving the communities where we work."[8]  Regarding "integrity" and "transparency," the Company stated in relevant part:

> Our performance is driven by the company's commitment ***to act with integrity in everything we do, from principled business decision-making*** to community partnerships. We are deeply connected to the communities we serve and work every day to operate in a manner that meets or exceeds the expectations of our stakeholders.
>
> ***
>
> ***Transparency and accountability*** to our shareholders, while supporting greater employee, community and partner confidence and engagement, ***is at the core of our culture***. We actively work to ensure ***Range stakeholders have insight into our operations***, as well as our contributions to the economy, the environment and the communities where we operate. We solicit actionable input and implement

---

[8] https://www.rangeresources.com/about-us/vision-values/

recommendations from community partners and always seek opportunities to
further improve.

*Id.* Emphasis added.

41.     The foregoing statements were false and/or misleading given that throughout the
Class Period, Defendants did not act with "integrity" or "transparency" due to their undisclosed
violations of 58 Pa. C.S. §3259 and failure to meet the requirements of 25 Pa. Code §78.102(4)
and 58 Pa. C.S. §3214(a)(3).  Specifically, Defendants misled investors and failed to disclose that:
(i) Range Resources had been improperly designating wells in Pennsylvania as inactive that
qualified as abandoned since at least 2013; (ii) Range Resources failed to "plug" these abandoned
wells in accordance with applicable regulations, thus creating serious health, safety, and
environmental risks; (iii) the foregoing conduct subjected the Company to reputational risk, a
heightened risk of regulatory investigation and enforcement, as well as artificially decreased the
Company's periodically reported cost estimates to plug and abandon its wells; and (iv) as a result,
the Company's public statements were materially false and misleading at all relevant times.

42.     The Class Period begins on April 29, 2016.  On April 28, 2016, post-market, Range
Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Manny and
Ginn, reporting the Company's financial and operating results for the quarter ended March 31,
2016 ("1Q2016").  Regarding the Company's asset retirement obligations "AROs," the 1Q2016
represented in relevant part:

> Our asset retirement obligations primarily represent the estimated present value of
> the amounts we will incur to plug, abandon and remediate our producing properties
> at the end of their productive lives. Significant inputs used in determining such
> obligations include estimates of plugging and abandonment costs, estimated future
> inflation rates and well lives. The inputs are calculated based on historical data as
> well as current estimated costs.

For the quarter, the Company reported that its long-term AROs for the three months ended March 31, 2016 amounted to $248.694 million.  The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $10.6 million.

43.     Appended as exhibits to the Form 10-Q were signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), wherein Defendants Ventura and Manny certified that "[t]he [Form 10-Q] fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934" and that "[t]he information contained in the [Form 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company."  They further certified that they had "designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, *is made known to us* by others within those entities, particularly during the period in which this report is being prepared." (Emphasis added).

44.     The foregoing statements were false and/or misleading given that throughout the Class Period, Defendants engaged in undisclosed violations of 58 Pa. C.S. §3259 for failure to meet the requirements of 25 Pa. Code §78.102(4) and 58 Pa. C.S. §3214(a)(3).  Specifically, Defendants misled investors and failed to disclose that: (i) Range Resources had been improperly designating wells in Pennsylvania as inactive that qualified as abandoned since at least 2013; (ii) Range Resources failed to "plug" these abandoned wells in accordance with applicable regulations, thus creating serious health, safety, and environmental risks; (iii) the foregoing conduct subjected the Company to reputational risk, a heightened risk of regulatory investigation and enforcement, as well as artificially decreased the Company's periodically reported cost estimates to plug and

abandon its wells; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

45.     On July 26, 2016, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Manny and Ginn, reporting the Company's financial and operating results for the quarter ended June 30, 2016 ("2Q2016").  The 2Q16 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $250.547 for the six months ended June 30, 2016. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $7.1 million for the quarter.  Attached to the 2Q16 were SOX certifications signed by Defendants Ventura and Manny substantively identical to those referenced in ¶ 43.

46.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

47.     On October 25, 2016, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Manny and Ginn, reporting the Company's financial and operating results for the quarter ended September 30, 2016 ("3Q2016").  The 3Q16 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $269.668 for the nine months ended September 30, 2016. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $6.1 million for the quarter.  Attached to the 3Q16 were SOX certifications signed by Defendants Ventura and Manny substantively identical to those referenced in ¶ 43.

48.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

49.     On February 22, 2017, Range Resources filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2016 (the "2016 10-K").  The 2016 10-K, signed by Defendants Ventura, Manny, and Ginn contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $250.672 million as of the period covered by the 2016 10-K.  Defendants made clear that AROs "are recognized in the period they are incurred."

50.     Defendants acknowledged in the 2016 10-K that, "We have significant obligations to remove tangible equipment and restore the surface at the end of natural gas and oil production operations. Removal and restoration obligations are primarily associated with plugging and abandoning wells."

51.     The 2016 10-K also stated that, "[d]uring 2016, we decreased our existing ARO by $26.8 million or approximately 10% of the ARO balance at December 31, 2015," which "was primarily due [to] a decrease in our estimated costs to plug and abandon certain wells in Pennsylvania."

52.     Defendants further reported that its expenses for "abandonment and impairment of unproved properties" was $30.1 million for the year.

53.     Additionally, Defendants represented, in relevant part, "[w]e believe we are in substantial compliance with currently applicable laws and regulations," including, *inter alia*, "environmental laws and regulations," including regulations relating to the "plugging and abandoning of wells," and "the continued substantial compliance with existing requirements will not have a material adverse effect on our financial position, cash flows or results of operations."

54.     Appended as exhibits to the 2016 10-K were substantively the same SOX certifications as referenced in ¶ 43, *supra*, signed by Defendants Ventura and Manny.

55.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

56.     On April 24, 2017, Range Resources filed a quarterly report on Form 10-Q with the SEC reporting the Company's financial and operating results for the quarter ended March 31, 2017 ("1Q17").  The 1Q17, signed by Defendants Manny and Ginn, contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $251.368 million for the three months ended March 31, 2017.   The Company further stated that expenses for "abandonment and impairment of unproved properties" for the quarter were $4.4 million.  Attached to the 1Q17 were SOX certifications signed by Defendants Ventura and Manny substantively identical to those referenced in ¶ 43.

57.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

58.     On August 1, 2017, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Manny and Ginn, reporting the Company's financial and operating results for the quarter ended June 30, 2017 ("2Q2017").  The 2Q17 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $256.322 for the six months ended June 30, 2017. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $5.2 million for the quarter.  Attached to the 2Q17 were SOX certifications signed by Defendants Ventura and Manny substantively identical to those referenced in ¶ 43.

59.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

60.     On October 24, 2017, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Manny and Ginn, reporting the Company's financial and operating results for the quarter ended September 30, 2017 ("3Q2017").  The 3Q17 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $259.601 for the nine months ended September 30, 2017. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $42.6 million for the quarter. Attached to the 3Q17 were SOX certifications signed by Defendants Ventura and Manny substantively identical to those referenced in ¶ 43.

61.     The foregoing statements misled investors for the same reasons set forth in ¶ 44.

62.     On February 28, 2018, Range Resources filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2017 (the "2017 10-K").  The 2017 10-K, signed by Defendants Ventura, Manny and Ginn, contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $270.528 million for 2017.

63.     The 2017 10-K also stated that, "[d]uring 2017, we increased our existing ARO by $12.5 million or approximately 5% of the ARO balance at December 31, 2016," which "was primarily due to an increase in our estimated costs to plug and abandon certain wells in North Louisiana and Pennsylvania."

64.     Defendants once again acknowledged in the 2017 10-K that, "We have significant obligations to remove tangible equipment and restore the surface at the end of natural gas and oil

production operations. Removal and restoration obligations are primarily associated with plugging and abandoning wells."

65.     Defendants further reported that its expenses for "abandonment and impairment of unproved properties" was $269.7 million for the year.

66.     Additionally, the 2017 10-K contained the same statements referenced in ¶ 53, *supra*, regarding Range Resources' purported substantial compliance with applicable laws and regulations, and how such compliance would not have a material adverse effect on the Company's financial position, cash flows, or results of operations.

67.     Moreover, in the 2017 10-K's section dedicated to disclosing legal proceedings, Range Resources made no disclosures regarding any DEP investigations into the status designations of the Company's wells, making, in relevant part, only the following non-specific catch-all risk disclosure:

> We are the subject of, or party to, a number of pending or threatened legal actions and claims arising in the ordinary course of our business. While many of these matters involve inherent uncertainty, we believe that the amount of the liability, if any, ultimately incurred with respect to proceedings or claims will not have a material adverse effect on our consolidated financial position as a whole or on our liquidity, capital resources or future annual results of operations. We will continue to evaluate our litigation quarterly and will establish and adjust any litigation reserves as appropriate to reflect our assessment of the then-current status of litigation.

68.     Defendants also purported to disclose the only environmental proceeding that could "result in monetary sanctions of more than $100,000:

> Our subsidiary, Range Resources – Appalachia, LLC, was notified by the Pennsylvania Department of Environmental Protection ("DEP"), in second quarter 2015, that it intends to assess a civil penalty under the Clean Streams Law and the 2012 Oil and Gas Act in connection with one well in Lycoming County. The DEP has directed us to prevent methane and other substances from escaping from this gas well into groundwater and a stream. We have considerable evidence that this well is not leaking and pre-drill testing of surrounding water wells showed the presence of methane in the water before commencement of our operations. While

we intend to vigorously assert this position with the DEP, resolution of this matter
may nonetheless result in monetary sanctions of more than $100,000.

69.     Appended as exhibits to the 2017 10-K were substantively the same SOX
certifications as referenced in ¶ 43, *supra*, signed by Defendants Ventura and Manny.

70.     The foregoing statements were false and/or misleading given that throughout the
Class Period, Defendants engaged in undisclosed violations of 58 Pa. C.S. §3259 for failure to
meet the requirements of 25 Pa. Code §78.102(4) and 58 Pa. C.S. §3214(a)(3).   Specifically,
Defendants misled investors and failed to disclose that: (i) Range Resources had been improperly
designating wells in Pennsylvania as inactive that qualified as abandoned since at least 2013; (ii)
Range Resources failed to "plug" these abandoned wells in accordance with applicable regulations,
thus creating serious health, safety, and environmental risks; (iii) the foregoing conduct subjected
the Company to reputational risk, a heightened risk of regulatory investigation and enforcement,
as well as artificially decreased the Company's periodically reported cost estimates to plug and
abandon its wells; (iv) the Company was the subject of a DEP investigation from sometime
between September 2017 to January 2021 for improperly designating the status of its wells; (v)
the DEP investigation foreseeably would and ultimately did lead to the Company incurring
regulatory fines; and (vi) as a result, the Company's public statements were materially false and
misleading at all relevant times.

71.     On April 25, 2018, Range Resources filed a quarterly report on Form 10-Q with the
SEC, signed by Defendants Manny and Ginn, reporting the Company's financial and operating
results for the quarter ended March 31, 2018 ("1Q2018").   The 1Q2018 contained substantively
the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its
AROs, and reported that the Company's long-term AROs amounted to $279.009 for the three
months ended March 31, 2018. The Company further reported that its expenses for "abandonment

and impairment of unproved properties" was $11.8 million for the quarter.  Attached to the 1Q2018

were SOX certifications signed by Defendants Ventura and Manny substantively identical to those

referenced in ¶ 43.

72.    The foregoing statements misled investors for the same reasons set forth in ¶ 70.

73.    On July 30, 2018, Range Resources filed a quarterly report on Form 10-Q with the

SEC reporting the Company's financial and operating results for the quarter ended June 30, 2018

("2Q18").  The 2Q18, signed by Defendants Scucchi and Ginn, contained substantively the same

statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and

reported that the Company's long-term AROs amounted to $296.219 million for the six months

ended June 30, 2018.   The Company further stated that expenses for "abandonment and

impairment of unproved properties" for the same period were $66.7 million.  Defendants also

purported to disclose the only environmental proceeding that could "result in monetary sanctions

of more than $100,000:

> Our subsidiary, Range Resources – Appalachia, LLC, was notified by the
> Pennsylvania Department of Environmental Protection ("DEP"), in second quarter
> 2015, that it intends to assess a civil penalty under the Clean Streams Law and the
> 2012 Oil and Gas Act in connection with one well in Lycoming County. The DEP
> has directed us to prevent methane and other substances from escaping from this
> gas well into groundwater and a stream. We have considerable evidence that this
> well is not leaking and pre-drill testing of surrounding water wells showed the
> presence of methane in the water before commencement of our operations. While
> we intend to vigorously assert this position with the DEP, resolution of this matter
> may nonetheless result in monetary sanctions of more than $100,000.

74.    Attached to the 2Q18 were SOX certifications signed by Defendants Ventura and

Scucchi substantively identical to those referenced in ¶ 43.

75.    The foregoing statements misled investors for the same reasons set forth in ¶ 70.

76.    On October 23, 2018, Range Resources filed a quarterly report on Form 10-Q with

the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating

results for the quarter ended September 30, 2018 ("3Q2018"). The 3Q2018 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $290.645 for the nine months ended September 30, 2018. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $6.5 million for the quarter. The 3Q18 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000." Attached to the 3Q2018 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

77.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

78.     On February 25, 2019, Range Resources filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2018 (the "2018 10-K"). The 2018 10-K, signed by Defendants Ventura, Scucchi and Ginn, contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $307.269 million as of the period covered by the 2018 10-K.

79.     The 2018 10-K also stated that, "[d]uring 2018, we increased our existing ARO by $12.0 million or approximately 4% of the ARO balance at December 31, 2017," which "was primarily due to an increase in our estimated costs to plug and abandon wells in Pennsylvania."

80.     Defendants once again acknowledged in the 2018 10-K that, "We have significant obligations to remove tangible equipment and restore the surface at the end of natural gas and oil production operations. Removal and restoration obligations are primarily associated with plugging and abandoning wells."

81.     Defendants further reported that its expenses for "abandonment and impairment of unproved properties" was $515.0 million for the year.

82.     Additionally, the 2018 10-K contained the same statements referenced in ¶¶ 53 and 67, *supra*, regarding Range Resources' purported substantial compliance with applicable laws and regulations, and how such compliance would not have a material adverse effect on the Company's financial position, cash flows, or results of operations; and Range Resources' legal proceedings, which failed to apprise investors of what, if any, investigation was underway regarding the designated status of the Company's wells in Pennsylvania, including potentially related fines or communications from the DEP.  The 2018 10-K also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000."

83.     Appended as exhibits to the 2018 10-K were substantively the same SOX certifications as referenced in ¶ 43, *supra*, signed by Defendants Ventura and Scucchi.

84.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

85.     On April 22, 2019, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended March 31, 2019 ("1Q2019").  The 1Q2019 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $312.122 for the three months ended March 31, 2019. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $12.7 million for the quarter.  The 1Q2019 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000."

Attached to the 1Q2019 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

86.     On July 25, 2019, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended June 30, 2019 ("2Q2019").  The 2Q2019 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $315.500 for the six months ended June 30, 2019. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $12.8 million for the quarter.  The 2Q2019 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000." Attached to the 2Q2019 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

87.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

88.     On October 23, 2019, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended September 30, 2019 ("3Q2019").  The 3Q2019 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $235.265 for the nine months ended September 30, 2019. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $16.2 million for the quarter.  The 3Q2019 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than

$100,000." Attached to the 3Q2019 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

89.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

90.     On February 27, 2020, Range Resources filed an annual report on Form 10-K with the SEC, reporting the Company's financial and operating results for the quarter and year ended December 31, 2019 (the "2019 10-K").  The 2019 10-K, signed by Defendants Ventura, Scucchi, and Ginn, contained substantively the same statements as referenced in ¶ 22, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $248.683 million as of the period covered by the 2019 10-K.

91.     The 2019 10-K also stated that, "[d]uring 2019, we increased our existing ARO by $7.1 million or approximately 2% of the ARO balance at December 31, 2018 primarily related to increases in our estimated costs to plug and abandon wells in North Louisiana."

92.     Defendants once again acknowledged in the 2019 10-K that, "We have significant obligations to remove tangible equipment and restore the surface at the end of natural gas and oil production operations. Removal and restoration obligations are primarily associated with plugging and abandoning wells."

93.     Defendants further reported that its expenses for "abandonment and impairment of unproved properties" was $1.2 billion for the year.

94.     Additionally, the 2019 10-K contained the same statements referenced in ¶¶ 53 and 67, *supra*, regarding Range Resources' purported substantial compliance with applicable laws and regulations, and how such compliance would not have a material adverse effect on the Company's financial position, cash flows, or results of operations; and Range Resources' legal proceedings, which failed to apprise investors of what, if any, investigation was underway regarding the

designated status of the Company's wells in Pennsylvania, including potentially related fines or communications from the DEP. The 2019 10-K also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000."

95.     Appended as exhibits to the 2019 10-K were substantively the same SOX certifications as referenced in ¶ 23, *supra*, signed by Defendants Ventura and Scucchi.

96.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

97.     On May 1, 2020, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended March 31, 2020 ("1Q20").  The 1Q20 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $125.887 for the three months ended March 31, 2020. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $5.4 million for the quarter.  The 1Q20 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000." Attached to the 1Q20 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

98.     The foregoing statements misled investors for the same reasons set forth in ¶ 70.

99.     On August 3, 2020, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended June 30, 2020 ("2Q20").  The 2Q20 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and

reported that the Company's long-term AROs amounted to $129.976 for the six months ended June 30, 2020. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $5.5 million for the quarter.  The 2Q20 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000." Attached to the 2Q20 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

100.    The foregoing statements misled investors for the same reasons set forth in ¶ 70.

101.    On October 29, 2020, Range Resources filed a quarterly report on Form 10-Q with the SEC, signed by Defendants Scucchi and Ginn, reporting the Company's financial and operating results for the quarter ended September 30, 2020 ("3Q20").  The 3Q20 contained substantively the same statements as referenced in ¶ 42, *supra*, regarding how the Company accounted for its AROs, and reported that the Company's long-term AROs amounted to $79.951 for the nine months ended September 30, 2020. The Company further reported that its expenses for "abandonment and impairment of unproved properties" was $5.7 million for the quarter.  The 3Q20 also repeated the same representations set forth in ¶ 73 regarding the Company's purportedly only environmental proceeding that could "result in monetary sanctions of more than $100,000." Attached to the 3Q20 were SOX certifications signed by Defendants Ventura and Scucchi substantively identical to those referenced in ¶ 43.

102.    The foregoing statements misled investors for the same reasons set forth in ¶ 70.

103.    On January 7, 2021, Range Resources signed the "Consent Assessment of Civil Penalty" with the Commonwealth of Pennsylvania, Department of Environmental Protection ("CACP"), for violations of the 2012 Oil and Gas Act and Section 1917-A of the Administrative

Code of 1929 due to its improper designation of 42 wells as "inactive" when they should have been classified as "abandoned" and permanently plugged. The CACP required the Company to pay a fine of $294,000. Defendants did not disclose the CACP or any of its machinations with the 42 wells to investors at any point during the Class Period.

104.    The statements referenced in ¶¶ 38-101 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Range Resources had been improperly designating wells in Pennsylvania as inactive that qualified as abandoned since at least 2013, thus violating 58 Pa. C.S. §3259, 25 Pa. Code §78.102(4), and 58 Pa. C.S. §3214(a)(3); (ii) Range Resources failed to "plug" these abandoned wells in accordance with applicable regulations, thus creating serious health, safety, and environmental risks; (iii) the foregoing conduct subjected the Company to reputational risk, a heightened risk of regulatory investigation and enforcement, as well as artificially decreased the Company's periodically reported cost estimates to plug and abandon its wells; (iv) the Company was the subject of a DEP investigation from sometime between September 2017 to January 2021 for improperly designating the status of its wells; (v) the DEP investigation foreseeably would and ultimately did lead to the Company incurring regulatory fines; and (vi) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

105.    On February 10, 2021, shortly before the end of the day's trading session, the DEP issued a press release announcing that it had "executed a consent assessment of civil penalty (CACP) with Range Resources - Appalachia, LLC (Range Resources)" on January 7, 2021, "in

29

the amount of $294,000 for violations of the 2012 Oil and Gas Act (Oil and Gas Act) regarding wells ineligible for inactive status listed on its inactive status request to DEP." The DEP had begun investigating the Company after the agency found conflicting and inaccurate information on the status of a Company well in Fayette County, Pennsylvania—specifically concerning whether the well in question was correctly designated as inactive for the purposes of DEP regulation.   In describing the events leading up to the Company's payment of the civil penalty on January 8, 2021, the DEP revealed that it had discovered additional wells that the Company had improperly designated as inactive between 2013 and 2017:

> Range Resources applied for inactive status on Friday, September 29, 2017, for its Shirocky No. 1 (Shirocky) well, located in Fayette County, indicating that it intended to return the well to production at a future date.
>
> However, Range Resources concurrently included its interoffice communication with its inactive status well application that stated its Shirocky well had no viable future use despite conflicting information in its inactive status application. Therefore, the Shirocky well was ineligible for inactive well status because it had no viable future use and should have never been listed on the request. It should have been classified as abandoned and subsequently plugged.
>
> * * *
>
> After receiving Range Resources' interoffice communication that conflicted with its Shirocky inactive status application, DEP issued a subpoena to Range Resources for information related to other wells that Range Resources had requested inactive status. The information developed based on Range Resources' response to the subpoena indicated that between Tuesday, July 16, 2013, and Monday, October 11, 2017, 42 of Range Resources' conventional wells were placed on inactive status but were never used again. Some of the wells had not been in use for 12 months at the time Range Resources submitted its applications for inactive status.
>
> * * *
>
> DEP issued a notice of violation to Range Resources regarding the Shirocky well. Additional violations were addressed with the operator leading up to the CACP.
>
> Range Resources plugged its wells with no viable future use, which DEP confirmed. Following this action, DEP assessed Range Resources a civil penalty of

$294,000. DEP received Range Resources' CACP payment on Friday, January 8, 2021. The plugging and payment satisfied the conditions of the CACP.

106.     The DEP's press release further explained that "[t]he Oil and Gas Act mandates that wells must satisfy several criteria to be granted inactive status, including being viable for future use within five years," and that "[i]f wells are not viable for future use then they are ineligible for inactive status, and after 12 consecutive months of no production, the well would be classified as abandoned and must be plugged."  According to the DEP, "Range Resources used the inactive status period to delay the eventual plugging of unproductive wells without returning them to active status" and "should have classified the wells with no viable future use as abandoned and plugged them."  The DEP concluded that, "[s]imilar to the Shirocky well, these [other] wells were ineligible for inactive status and should have never been included in the requests."

107.     The following day, as the market fully digested the significance of the DEP's announcement, Range Resources' stock price fell $0.62 per share, or 6.08%, from its closing price on February 10, 2021, to close at $9.57 per share on February 11, 2021.

108.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

109.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Range Resources common stock during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate

families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

110.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Range Resources common stock was actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Range Resources or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

111.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

112.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

113.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Range Resources;

- whether the Individual Defendants caused Range Resources to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Range Resources common stock during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

114.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

115.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Range Resources common stock is traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

- Plaintiff and members of the Class purchased, acquired and/or sold Range Resources common stock between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

33

116.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

117.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

118.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

119.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

120.    During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Range Resources common stock; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Range Resources common stock at artificially inflated prices.  In furtherance of this unlawful

scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

121.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Range Resources common stock.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Range Resources' finances and business prospects.

122.    By virtue of their positions at Range Resources, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

123.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Range Resources, the Individual Defendants had knowledge of the details of Range Resources' internal affairs.

124.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Range Resources.   As officers and/or directors of a publicly held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Range Resources' businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Range Resources common stock was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Range Resources' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Range Resources common stock at artificially inflated prices and relied upon the price of the common stock, the integrity of the market for the common stock and/or upon statements disseminated by Defendants, and were damaged thereby.

125.    During the Class Period, Range Resources common stock was traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Range Resources common stock at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said common stock, or would not have purchased or otherwise acquired them at the inflated prices that were paid.   At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Range Resources common stock was substantially lower than the prices paid by Plaintiff and the other members of the Class.   The market price of Range

Resources common stock declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

126.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

127.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's common stock during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

128.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

129.    During the Class Period, the Individual Defendants participated in the operation and management of Range Resources, and conducted and participated, directly and indirectly, in the conduct of Range Resources' business affairs.  Because of their senior positions, they knew the adverse non-public information about Range Resources' misstatement of income and expenses and false financial statements.

130.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Range Resources' financial condition and results of operations, and to correct promptly any public statements issued by Range Resources which had become materially false or misleading.

131.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Range Resources disseminated in the marketplace during the Class Period concerning Range Resources' results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Range Resources to engage in the wrongful acts complained of herein. The Individual Defendants, therefore, were "controlling persons" of Range Resources within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Range Resources common stock.

132.    Each of the Individual Defendants, therefore, acted as a controlling person of Range Resources.  By reason of their senior management positions and/or being directors of Range Resources, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Range Resources to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Range Resources and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

133.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Range Resources.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  July 26, 2021                           Respectfully submitted,

                                                **POMERANTZ LLP**

                                                By: */s/ Tamar A. Weinrib*
                                                Jeremy A. Lieberman (admitted *pro hac vice*)
                                                Tamar A. Weinrib (admitted *pro hac vice*)
                                                600 Third Avenue, 20th Floor
                                                New York, NY 10016
                                                Telephone: (646) 581-9973
                                                Facsimile: (917) 463-1044
                                                jalieberman@pomlaw.com
                                                taweinrib@pomlaw.com

                                                *Lead Counsel for Plaintiff*

                                                Willie C. Briscoe
                                                State Bar No. 24001788
                                                **THE BRISCOE LAW FIRM**
                                                12700 Park Central Drive, Suite 520
                                                Dallas, TX 75251
                                                Telephone: (972) 521-6868
                                                Facsimile: (346) 214-7463
                                                wbriscoe@thebriscoelawfirm.com

                                                *Liaison Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that, on this 26th day of July, 2021, a true and correct copy of the foregoing

document was forwarded to all counsel of record via electronic service.

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE